DANIEL T. BIBB, *Plaintiff in Error*, v. UNITED GROCERY COMPANY, A CORPORATION, *Defendant in Error*.

Opinion Filed March 7, 1917.

1. In treating an assignment of error based upon the overruling of the motion for a new trial, an appellate court will consider only such grounds of the motion as are argued before it.

2. In determining the correctness of charges and instructions, they should be considered as a whole, and, if as a whole, they are free from error, an assignment predicated on isolated paragraphs or portions, which, standing alone, might be misleading, must fail. In passing upon a single instruction or charge, it should be considered in connection with all the other instructions and charges bearing on the same subject, and if, when thus considered, the law appears to have been fairly presented to the jury, an assignment predicated upon the giving of such instruction must fail, unless under all the peculiar circumstances of the case the court should be of the opinion that such instruction or charge was calculated to confuse, mislead or prejudice the jury.

3. In determining the correctness of charges and instructions they should be considered as a whole, but where a special charge or instruction in itself announces a patently erroneous proposition of law, it must affirmatively and clearly appear that the presumptive harm caused thereby has been entirely removed, or the judgment should be reversed.

4. Even though some of the language used in portions of the general charge and instructions of which complaint is made was not so happily chosen as might have been, an appellate court cannot be expected to apply the principles of absolute precision and technical nicety in construing the same. It is sufficient to determine that no reversible error has been made to appear therein.

5. In an action of replevin instituted by a wholesale grocery house against its factor to recover the possession of a certain stock of goods, store fixtures and appliances, and under the evidence adduced the only interest which the defendant had therein, if any, was a special interest and there was some conflict in the testimony as to such special interest, such point is properly submitted to the jury for determination by appropriate instructions from the court.

8. Evidence examined and found sufficient to support the verdict.

Writ of Error to Circuit Court for Duval County; Daniel A. Simmons, Judge.

Judgment affirmed.

*W. M. Toomer* and *W. H. Surrency,* for Plaintiff in Error;

*Marks, Marks & Holt,* for Defendant in Error.

SHACKLEFORD, J.—The United Grocery Company, a corporation, instituted an action of replevin against Daniel T. Bibb to recover the possession of "All of that cer-

tain stock of groceries, goods, wares and merchandise, together with all store fixtures and appliances that were on the 30th day of March, A. D. 1914, located in that certain store situated on the south-east corner of Main and Ashley Streets, in Jacksonville, Duval County, Florida, said store being numbered 527 Main Street, of the value of to-wit, $3000.00." No point is made on the pleadings, the declaration being in the usual form and the defendant filing a plea of not guilty. The defendant gave no forthcoming bond and a trial was had before a jury upon the issue made by the pleadings, which resulted in a verdict in favor of the plaintiff, upon which judgment was duly rendered and entered, which judgment the defendant has brought here for review.

The only assignment of error is based upon the overruling of the motion for a new trial. In accordance with our established practice, we shall consider only such grounds thereof as have been argued before us, treating the other grounds as having been adandoned. Smith v. State, 65 Fla. 56, 61 South. Rep. 120.

The fifth, sixth and eighth grounds of the motion are based upon the giving of certain instructions at the request of the plaintiff, numbered 8, 10 and 12, which instructions are as follows:

"8. I further charge you that if you should find a verdict in favor of the defendant, when you come to fix the value of the property, you are not to find the whole value of the merchandise and fixtures described in the declaration because under the evidence in this case all of that property actually belonged to United Grocery Company. Therefore, in such event, you can only find the value of the defendant's special interest in that property, and not what the property itself was worth."

"10. Before you can find a verdict in favor of the

defendant, the evidence in this case must produce in your minds the belief that

"1st:   On the 30th day of March, 1914, the defendant was entitled to continue in possession of the goods replevined, and

"2nd:   That the right to continue in possession arose directly out of some special property that the defendant had in the goods replevined, and

"3rd:   That this special property in the goods had a definite money value, and ' what the amount of that value was."

"12.   I further charge you, gentlemen, that under the oath taken by you, the only issue in this case . for you to determine is which of these parties was entitled to the possession of the merchandise and fixtures on the 30th day of March, 1914, and if you find for the plaintiff to fix the value of said merchandise and fixtures, which under the evidence admitttedly belonged to the plaintiff, and if you find for the defendant to fix the value of his special property in the  said merchandise and fixtures, if any he had.   In deciding this case you have nothing to do with the question of whether the United Grocery Company owed Bibb any money or whether Mr. Bibb owed the United Grocery Company any money, for such damages under the law can not be recovered in an action of replevin.   If as a result of the business transactions between these parties, either one owed the other any sum of money by way of an accounting, shortage or what not, the party to whom it is owed, whether it be the United Grocery Company or Mr. Bibb, may bring a separate suit to recover such sum of money, and judgment in this case will have no bearing whatever upon that right."

All of these grounds are argued together.   We call attention to the fact that the trial court of its own motion

gave a general charge to the jury and also a number of instructions at the request of the plaintiff. So far as is disclosed by the transcript, the defendant requested no instructions. We have repeatedly held that, "In determining the correctness of charges and instructions, they should be considered as a whole, and if, as a whole, they are free from error, an assignment predicated on isolated paragraphs or portions, which, standing alone, might be misleading, must fail. In passing upon a single instruction or charge, it should be considered in connection with all the other instructions and charges bearing on the same subject, and if, when thus considered, the law appears to have been fairly presented to the jury, an assignment predicated upon the giving of such instruction must fail, unless under all the peculiar circumstances of the case the court should be of the opinion that such instruction or charge was calculated to confuse, mislead or prejudice the jury." Pensacola Electric Co. v. Bissett, 59 Fla. 360, 52 South. Rep. 367. It is true that we also held in the same case, wherein we followed prior decisions of this court and to which ruling we have subsequently adhered, that, "In determining the correctness of charges and instructions, they should be considered as a whole, but where a special charge or instruction in itself announces a patently erroneous proposition of law, it must affirmatively and clearly appear that the presumptive harm caused thereby has been entirely removed, or the judgment should be reversed." We also held in Wood Lumber Co. v. Gipson, 63 Fla. 316, 58 South. Rep. 364, that, "In passing upon an assignment questioning the correctness of the ruling of the trial court in denying a motion for a new trial, which is based upon the sufficiency of the evidence to sustain the verdict, the question thereby presented to an appellate court is whether or not

38

the jurors acting as reasonable men could have found such verdict from the evidence adduced. If this question can be answered in the affirmative, the action of the trial court upon such motion should not be disturbed."

In passing upon the three specified instructions of which complaint is made, it will be advisable to keep the above enunciated principles in mind. In the absence of any contention to the contrary, we are warranted in assuming that the defendant had no fault to find with any portion of the general charge of the court or with any of the other instructions given at the request of the plaintiff, and also that the defendant did not see any necessity for requesting any other or further instructions himself. Did any one of the three instructions complained of announce "a patently erroneous principle of law," and, if so, does it "affirmatively and clearly appear that the presumptive harm caused thereby has been entirely removed?"

We have carefully considered these three instructions in connection with the charge of the court and the other instructions given, in the light of the issues made by the pleadings and the evidence adduced at the trial, aided by the briefs of the respective counsel, and have been unable to find any error therein which would warrant a reversal of the judgment. The defendant correctly states in his brief that "the relation of the parties here was that of a wholesale grocery concern to its factor." What that relation was is disclosed by a written agreement or contract which had been made by the plaintiff and the defendant and which was introduced in evidence by the plaintiff, without objection by the defendant. There is no occasion to set this contract out in full, as it is somewhat lengthy. It is sufficient to

state that, among other provisions, it contains the following:

"1st.  The first party agrees to consign and deliver to the second party such merchandise of the kind dealt in and handled by the first party as may be reasonably necessary to the proper conduct of the store of the second party, upon the terms and conditions hereinafter set forth.

"2nd.  That the first party agrees to allow the second party a discount of ten per cent. on all goods sold and paid for (except those purchased from third parties) by the second party, such discount to be payable at the end of each calendar month upon the aggregate of all cash sales of merchandise, except sales of goods and merchandise purchased for cash from third parties as hereinafter provided, made during the said month.

"3rd.  The first party agrees to allow the second party a drawing account of $25.00 per week, provided that the total of the sums so drawn shall be charged against and deducted from the discount referred to herein in Paragraph 2.

"4th.  The first party agrees to accept as cash from the second party, paid and receipted invoices for such goods and merchandise as the second party shall buy for cash from third parties by and with the expressed consent and not otherwise.

"5th.  The second party covenants and agrees to accept all goods and merchandise, whether received from the first party direct or whether purchased from third parties with the consent and approval of the first party, as goods and merchandise consigned by the first party to the second party, it being especially understood and agreed that at all times, the title to and right of property in all of the goods and merchandise in the store of the

second party shall be in the first party, and that the second party shall at all times hold himself ready to account to the first party upon demand for the said goods and merchandise or for the invoice price thereof."

Under these provisions, at best, the only interest which the defendant had in the goods and fixtures was a special interest, and as to whether or not the defendant had such special interest therein there was some conflict in the testimony, therefore such point was properly submitted to the jury for determination. See 34 Cyc. 1536, 1568; Shinn on Replevin, sections 629, 635, 652, 684; Cobbey on Replevin (2nd Ed.) sections 1072, 1136, 1148. Numerous authorities will be found cited in the notes appended in these authorities.

The only remaining grounds of the motion which are argued, the 12th and 13th, contend that the verdict rendered is contrary to the law and the evidence. To this contention we cannot agree. The evidence is amply sufficient to support the verdict and it has not been made to appear to us wherein it is contrary to law.

The judgment will be affirmed.

BROWNE, C. J., and TAYLOR, WHITFIELD and ELLIS, JJ., concur.