359 So.2d 55 (1978)
Lazaro J. DIEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-662.
District Court of Appeal of Florida, Third District.
June 6, 1978.
*56 Bennett H. Brummer, Public Defender and Warren S. Schwartz, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen. and Anthony C. Musto, Asst. Atty. Gen., for appellee.
Before HAVERFIELD, C.J., and PEARSON and NATHAN, JJ.
PER CURIAM.
Defendant, Lazaro Diez, appeals his conviction for burglary of a dwelling and attempted petit larceny (as reduced from grand larceny).
At the conclusion of the trial, the court rendered the following instruction to the jury:
"The defendant, Lazaro Diez, did not take the witness stand and testify. This is a matter of passing interest only since there is no obligation passed upon the defendant to do or say anything. The entire burden is upon the State of Florida to prove the truth of the charge and you are not to draw any inferences from the fact that the defendant did not testify."
Defendant argues that the instruction constitutes reversible error because it was contradictory and misleading inasmuch as the first portion of the instruction that the defendant's failure to testify is a matter of passing interest conflicts with the latter portion of the instruction that the defendant's failure to testify is a matter the jury is not to consider.
A challenged jury instruction or portion of the instruction must be considered with the whole instruction or other instructions bearing on the same subject in determining whether the law was fairly presented or whether the instruction might have misled the jury. Waters v. State, 298 So.2d 208 (Fla. 2d DCA 1974).
Looking at the challenged instruction as a whole, we find that it was neither contradictory nor improper. After reading the entire instruction, we cannot agree with the defendant that the first portion thereof using the phrase "of passing interest" indicated to the jury that defendant's failure to testify was of interest. That interpretation is possible only if this portion is read in isolation. However read in context, the instruction is quite consistent and proper.
Affirmed.