PER CURIAM.
The order granting a new trial for the plaintiffs Ronald and Elaine Thaw after they had suffered an adverse jury verdict in this vehicular negligence action is reversed. We reach this conclusion based on the following, briefly stated, legal analysis.
The sole basis for the new trial order is the trial court’s determination that it erred in failing to instruct the jury on the no-fault threshold of serious, non-permanent injury under Section 627.737(2)(e), Florida Statutes (1977). We cannot agree. The asserted error was not preserved at trial and was not fundamental in nature. The plaintiffs did not plead in their complaint that they had suffered a serious, non-permanent injury under the above-stated statute, presented little, if any, evidence on the issue at trial, made no motion to amend their complaint to conform to the evidence at trial, and made no request for the above-stated jury instruction. Beyond that, the error, if any, was entirely harmless. The jury, in a special interrogatory verdict, found that there was no negligence on the part of the defendant George Schorr which was a legal cause of damage to the plaintiff herein, which finding in itself compelled a verdict for the defendants. The omitted jury instruction, on the other hand, had no relevance to this finding as the instruction had nothing to do with the negligence and proximate cause issues resolved by the above finding. The instruction, therefore, even if given, could not possibly have changed the outcome. We have no alternative, then, but to reverse the order under review as it was based on an erroneous legal ruling that fundamental error had been committed in this case. See Sears Roebuck & Co. v. Jackson, 433 So.2d 1319, 1322-23 (Fla. 3d DCA 1983).
We have carefully examined the points raised by the plaintiffs in their cross appeal and find them to be without merit. There was sufficient evidence presented below to send this case to the jury and the trial court did not err in denying plaintiffs’ motion for judgment in accordance with their motion for directed verdict. See Westbrook v. All Points, Inc., 384 So.2d 973, 975 (Fla. 3d DCA 1980); Dent v. Casale, 358 So.2d 1101, 1102-03 (Fla. 3d DCA), cert. denied, 365 So.2d 710 (Fla.1978); Cunningham v. Romano, 278 So.2d 681, 633 (Fla. 3d DCA), cert. denied, 285 *1242 So.2d 19 (Fla.1973); Chowning v. Pierce, 174 So.2d 42, 43-44 (Fla. 3d DCA 1965).
The order under review is reversed and the cause is remanded to the trial court with directions to enter judgment for the defendants herein in accord with the jury verdict returned below.
Reversed and remanded.