539 So.2d 11 (1989)
Martin SAXON and Barbara Saxon, Appellants,
v.
Robert CHACON, Appellee.
No. 87-2298.
District Court of Appeal of Florida, Third District.
February 28, 1989.
Merritt & Sikes, Cooper, Wolfe & Bolotin, and Linda G. Katsin and Sharon Wolfe, Miami, for appellants.
Goldfarb & Gold, Magill & Lewis, and R. Fred Lewis, Miami, for appellee.
*12 Before BARKDULL, HUBBART and BASKIN, JJ.
PER CURIAM.
This is an appeal by the defendants Martin and Barbara Saxon from a new trial order entered below in favor of the plaintiff Robert Chacon after the jury returned a defense verdict in a negligence action arising from a traffic accident. The basis for the new trial order was the trial court's conclusion that it had erroneously admitted at trial certain evidence, over objection, tending to establish (a) the plaintiff's homosexuality, and (b) the AIDS medical epidemic in the country.
We would ordinarily affirm the trial court's new trial order based on this evidentiary error, see Roby v. Kingsley, 492 So.2d 789, 792 (Fla. 1st DCA 1986), except for the fact that counsel for plaintiff expressly refused to move for a mistrial based on said error after the trial court invited him to do so, indicating that it was favorably inclined to granting such a motion. The trial court expressed its misgivings toward the end of the trial concerning its admission of the above evidence and told plaintiff's counsel, "If you want a mistrial, I'll consider granting one"; plaintiff's counsel replied, "No sir. I am not moving for a mistrial at this time." Obviously, counsel for plaintiff wanted to take his chances with the jury on the state of the evidence adduced below; having gambled and lost when the jury returned an adverse verdict, he cannot now be heard to ask belatedly for a new trial based on the erroneous admission of the above evidence. Sears Roebuck & Co. v. Jackson, 433 So.2d 1319 (Fla. 3d DCA 1983); Nadler v. Home Ins. Co., 339 So.2d 280 (Fla. 3d DCA 1976).
The new trial order under review is reversed and the cause is remanded to the trial court with directions to enter judgment for the defendants based on the jury verdict returned below.
REVERSED AND REMANDED.