683 So.2d 208 (1996)
CUSHMAN & WAKEFIELD OF FLORIDA, INC., Appellant/Cross-Appellee,
v.
COMREAL MIAMI, INC., Appellee/Cross-Appellant.
No. 95-1230.
District Court of Appeal of Florida, Third District.
November 27, 1996.
Simmons, Hart & Sheehe and Karl Hart and Phillip Sheehe and Jeffrey P. Skates, Ocala, for appellant/cross-appellee.
Broad and Cassell and Paul Aiello, for appellee/cross-appellant.
Before SCHWARTZ, C.J., and NESBITT and LEVY, JJ.
PER CURIAM.
After a jury verdict against Comreal, the trial judge granted it a new trial on the ground that he had erred in charging the jury. We reverse both because the alleged error was not properly preserved at trial, see Schorr v. Thaw, 464 So.2d 1240 (Fla. 3d DCA 1985)(preservation of objection to jury instruction applies to new trial order as well as appeal), pet. for review denied, 475 So.2d 696 (Fla.1985); 55 Fla.Jur.2d Trial § 127 (1984); see generally Sears Roebuck & Co. v. Jackson, 433 So.2d 1319 (Fla. 3d DCA 1983), and, more important, because the instructions, considered as a whole and in the light of the evidence and argument of counsel, in fact fairly and completely presented the issue in question to the jury. See Miami Coca Cola *209 Bottling Co. v. Mahlo, 45 So.2d 119 (Fla. 1950); Winthrop v. Carinhas, 142 Fla. 588, 195 So. 399 (1940); Bibb v. United Grocery Co., 73 Fla. 589, 74 So. 880 (1917); Geo. E. Wood Lumber Co. v. Gipson, 63 Fla. 316, 323, 58 So. 364 (1912); Diez v. State, 359 So.2d 55 (Fla. 3d DCA 1978); Gallagher v. Federal Ins. Co., 346 So.2d 95 (Fla. 3d DCA 1977), cert. denied, 354 So.2d 980 (Fla.1977). A new trial was therefore not justified.
Inasmuch as we disagree with Comreal's contention on crossappeal that it was entitled to a directed verdict in its favor, we reverse the order granting a new trial with directions to enter judgment on the jury verdict in favor of Cushman & Wakefield.
Affirmed in part, reversed in part.