707 So.2d 957 (1998)
KMART CORPORATION and O'Gorman Long, Inc., Appellants,
v.
Alvin HAYES and Isiah Hayes, Appellees.
No. 97-126.
District Court of Appeal of Florida, Third District.
April 1, 1998.
Adorno & Zeder, P.A., and Raoul G. Cantero, III, Coconut Grove, for appellants.
Arnold R. Ginsberg, P.A., and Merl & Davis, P.A., and Todd R. Schwartz, Miami, for appellees.
Before NESBITT, LEVY and SORONDO, JJ.
NESBITT, Judge.
In this slip-and-fall case, the defendants below appeal an order granting the plaintiffs a new trial after a jury verdict for the defendants. We vacate the order under review with instructions to reinstate the verdict for the defendants.
In January 1994, plaintiff Alvin Hayes fell in the parking lot of a KMart store, allegedly on oil, injuring her ankle. Hayes and her husband brought the instant action against KMart and O'Gorman Long, Inc., the property manager. During discovery, Hayes deposed Jose Negron, who testified that he had been the store manager at the KMart store in question beginning February 16, 1993. When called at trial to testify, however, Negron testifiedcontrary to his deposition testimonythat he was not the manager of that store at the time of Hayes's accident, stating: "After researching my records, I was in a different store at that time; I didn't take over [the store in question] until February 16, 1994." Hayes's counsel impeached Negron with his deposition testimony and, additionally, he repeatedly referred to the changed testimony throughout the trial. Nevertheless, the jury returned a verdict for the defendants.
Following the verdict for the defendants, Hayes moved for a new trial based on "newly discovered evidence"Negron's "false testimony." The trial court granted the motion and ordered a new trial. This appeal follows.
It is well established in Florida that a new trial cannot be granted on a ground that was not preserved by timely objection or motion during trial. See Sears Roebuck & Co. v. Jackson, 433 So.2d 1319, 1322 (Fla. 3d DCA 1983); see also Cushman & Wakefield v. Comreal Miami, Inc., 683 So.2d 208 (Fla. 3d DCA 1996). Granting a new trial under circumstances where a party did not properly preserve the issue is an abuse of discretion. See Jackson, 433 So.2d at 1322; Saxon v. *958 Chacon, 539 So.2d 11, 12 (Fla. 3d DCA 1989). In our view, Hayes failed to preserve for review the issue of the defendants' alleged use of false testimony. Hayes's counsel did not raise a timely objection or an appropriate in-trial motion when confronted with Negron's changed testimony. Rather, counsel decided to impeach Negron and repeatedly emphasized to the jury the inconsistencies between Negron's deposition and trial testimony. Thus, as the issue was not properly preserved for review, whether Negron's changed testimony was due to a mere misstatement on his part at his deposition or was a deliberate attempt to mislead Hayes is of no consequence.
Even assuming arguendo that the defendants, through Negron, "knowingly gave and used false testimony," the proper remedy for Hayes was an in-trial motioni.e., a motion for mistrial or a motion for continuance. Hayes instead made a tactical decision to take her chances with the jury. She gambled and lost, as the jury found for the defendants despite their alleged "bad conduct." That Hayes's strategy backfired neither requires nor permits the court to allow her a new trial. See, e.g., E.I. Du Pont Nemours & Co. v. Native Hammock Nursery, Inc., 698 So.2d 267, 273 (Fla. 3d DCA 1997); Saxon, 539 So.2d at 12; Diaz v. Rodriguez, 384 So.2d 906 (Fla. 3d DCA 1980). We agree with the Saxon Court, which stated:
Obviously, counsel for plaintiff [who had refused to move for a mistrial] wanted to take his chances with the jury on the state of the evidence adduced below; having gambled and lost when the jury returned an adverse verdict, he cannot now be heard to ask belatedly for a new trial....
Saxon, 539 So.2d at 12. Although undoubtedly surprised by Negron's changed testimony, Hayes made the tactical decision to proceed with the trial rather than seeking a continuance or moving for mistrial, and must now live with the consequences of that decision.
Accordingly, we conclude that the trial court abused its discretion by granting the plaintiffs' motion for a new trial. We hereby vacate the order granting the new trial and remand with instructions to reinstate the verdict for the defendants.