728 So.2d 244 (1998)
Jodi M. CELENTANO and John Celentano, Appellants,
v.
Alice BANKER, Appellee.
No. 96-2834.
District Court of Appeal of Florida, Fourth District.
September 9, 1998.
As Modified on Motion for Clarification December 2, 1998.
*245 Adolfo Podrecca of Fazio, Dawson, DiSalvo, Cannon, Abers & Podrecca, Ft. Lauderdale, for appellants.
Bradley E. Lolus of Bradley E. Lolus, P.A., Lauderhill, for appellee.
STONE, Chief Judge.
We reverse an order granting a new trial. Trial courts lack discretion to grant a motion for new trial, even where based on circumstances tainted by misconduct, for unpreserved error that is not fundamental error. Goutis v. Express Transp., Inc., 699 So.2d 757 (Fla. 4th DCA 1997) (unpreserved error must amount to fundamental error to warrant a new trial); Hagan v. Sun Bank of Mid-Florida, N.A., 666 So.2d 580 (Fla. 2d DCA 1996) (fundamental error to support a new trial on the basis of unpreserved error requires that error must go to the foundation of case, the merits of the cause of action, or extinguish party's right to fair trial); Wasden v. Seaboard Coast Line R.R., 474 So.2d 825 (Fla. 2d DCA 1985); KMart Corp. v. Hayes, 707 So.2d 957 (Fla. 3d DCA 1998). See also § 90.104(1)(a), Fla. Stat. (1995). The trial court, in granting new trial, made the following findings and conclusions:
[I]mmediately prior to jury selection, the attorney for the Defendants ... indicated that he had, the day before, provided additional medical records to Dr. Petti and that he was now unsure what Dr. Petti's opinion would be at the time of trial. Plaintiff had deposed Dr. Petti weeks before.... [T]he Court ordered counsel for the Defendant obtain from Dr. Petti a written report regarding any changes in his opinion ... and provide that to counsel before 10:00 a.m. the following day. At that point, the trial proceeded.
The following day, prior to Dr. Petti testifying, at approximately 4:15 p.m., no written report was received by Plaintiff's counsel, or by the Court, from Dr. Petti, or defense counsel. Counsel for the Defendant did, however, indicate on the record that Dr. Petti's opinion had not changed as a result of the records that he had received and that his testimony would not change on the issue of permanency. Based on defense counsel's representations, the trial proceeded. However, when Dr. Petti did testify, his opinions changed completely. He testified that, contrary to the ... report..., and contrary to defense counsel's representations to the Court, his belief now was that the Plaintiff had not suffered a permanent injury in the subject accident.
* * * * * *
Dr. Petti testified that his change in opinion was based on his allegation that Ms. Banker had misrepresented to him her past medical history.... Counsel for the Defendants argued strongly in closing that the Plaintiff should not be believed when the Plaintiff testified not only as to what her damages are, but as to how the accident happened, as well. Plaintiff obviously cannot "unring the bell" after Dr. Petti unexpectedly testified contrary to what counsel for the Defendants had represented on the record that he would testify to, and without providing the written report documenting and indicating what his changed testimony would be, pursuant to this Court's Order. Dr. Petti in effect called the Plaintiff a liar.

*246 The Plaintiffs credibility was a critical issue in this case in that the liability aspect of the case came down to a "swearing contest".... [T]he spillover effect from the damages to the liability aspects of Ms. Banker's testimony are inseparable and unavoidable. When counsel for the Defendants subsequently argued in closing that the Plaintiff is not to be believed, based on her alleged misrepresentation to Dr. Petti, the cumulative effect of the defense argument, combined with Dr. Petti's failure to provide the Plaintiff with medical reports or records regarding his revised opinions, in contravention of this Court's Order, and defense counsel's misrepresentation to the Court and counsel for the Plaintiff as to what. Dr. Petti's testimony would be, caused fundamental prejudice to the Plaintiff that could not be cured absent the granting of this Motion for New Trial. Plaintiff was significantly prejudiced and is without any remedy other than a new trial.
Although Plaintiffs' counsel did not receive the written report as requested, counsel never objected to Dr. Petti's changed opinion at trial. Counsel also told the court that he did not want a mistrial. Thus, while the record supports the trial court's conclusion that admitting the testimony was significantly prejudicial, the error was not preserved. We recognized in Goutis that reviewing the fundamental nature of the error is a question of law. This court recently described the limited circumstances in which error may be deemed fundamental error in O'Brien v. Florida Birth-Related Neurological Injury Compensation Ass'n, 710 So.2d 51 (Fla. 4th DCA 1998), and Murphy v. International Robotics Systems, Inc., 710 So.2d 587 (Fla. 4th DCA 1998). We note that the Florida Supreme Court recently reiterated the principle by applying it to so significant an error as the introduction of a confession into evidence in the absence of independent proof of corpus delicti. J.B. v. State, 705 So.2d 1376 (Fla.1998).
Therefore, the order granting new trial is reversed. We remand for entry of judgment on the jury's verdict.[1]
GROSS, J., and DAKAN, STEPHEN L., Associate Judge, concur.
NOTES
[1] We recognize that counsel disputes any implication that defense counsel was guilty of misrepresenting facts. This opinion should not be construed as an accusation of such by this court or as a rebuke of counsel.