PER CURIAM.
Kenneth Lucas, defendant, appeals the lower court’s Order Granting Motion for New Trial.
*1195 This case arises out of an automobile accident that occurred on November 8, 1992. The case was called for trial on January 4, 1999. During voir dire, the trial judge asked a series of initial questions to each potential juror regarding whether they had ever been a plaintiff or defendant or a witness in any kind of court proceeding. Among the prospective jurors was Mr. Alfonso. The trial judge carefully explained the meaning of the words, plaintiff and defendant. The court then asked Mr. Alfonso whether he had ever “been a plaintiff, defendant or witness in any kind of court proceeding?” He responded, “no.” The trial court asked him other questions and then asked him again if he had “ever been a plaintiff, a defendant or a witness in any kind of court proceeding?” He responded, “You asked me, no.”
Plaintiffs counsel did not ask any questions regarding litigation experience. The parties selected two jurors, one of them an alternate, known to have had litigation experience. The jury was empaneled, including Mr. Alfonso, and the case was tried.
On January 11, 1999, the jury assembled to continue its deliberations. Because one of the jurors did not appear due to illness, the trial court postponed deliberations until January 13th to allow the sick juror to recover. During this discussion, Mr. Alfonso advised the court, “I’ve got to be in court on Wednesday 2:00 p.m.” The trial court stated it would not be a problem and excused the jury.
Defendant’s counsel then pointed out that Mr. Alfonso had not mentioned any involvement in litigation. The trial judge responded that she would ask him when the jurors returned.
Court reconvened on January 13, 1999. The trial judge questioned Mr. Alfonso, who testified that he was a defendant in a civil lawsuit brought by one of his clients and the case was scheduled for a thirty-minute trial at 2:00 p.m. The trial court took a copy of Mr. Alfonso’s paperwork, which reflected that he was representing himself in a small claims case filed in the county court. The trial judge then asked Mr. Alfonso if she had asked him about these issues during jury selection. He replied, “no.” The trial judge asked him if he remembered that she had asked him if anybody was a plaintiff or defendant or had any contact with the system? He replied, “No, I don’t remember.”
Defendant’s counsel moved for a mistrial after the jury' was excused. Plaintiffs counsel objected to a mistrial and insisted that the jury be allowed to continue its deliberations.
On January 13,1999, the jury returned a verdict finding that plaintiff did not suffer permanent injury in the accident and awarding $15,000 for past medical expenses. Plaintiff filed a motion for new trial, stating that plaintiff did not receive a fair trial because she did not know that Mr. Alfonso was a defendant in a lawsuit and, had she known it, he would have been stricken. The trial court, feeling obligated to do so by this court’s precedent, granted plaintiffs motion for new trial. This appeal followed.
Although the parties have briefed the issue of juror non-disclosure, see De La Rosa v. Zequeira, 659 So.2d 239 (Fla.1995), we agree with defendant that we do not reach that issue because it was not properly preserved. When it became apparent that juror Alfonso might have been less than candid during voir dire examination, defendant immediately moved for a mistrial. Plaintiffs counsel opposed that motion and said: “Obviously, my position is that I don’t think — I do not think you should grant a mistrial.” In subsequent discussions, plaintiffs counsel went on to argue that, given the phrasing of the relevant question during voir dire, the juror may have legitimately misunderstood a nonspecific question. He further suggested that such a vague question would fail to satisfy the due diligence requirement of De La Rosa.
*1196 Having failed to object to allowing the juror to continue deliberations, and having further failed to move for a mistrial and actually opposed defense counsel’s motion for mistrial, plaintiff failed to preserve this issue. In Sears Roebuck & Co. v. Jackson, 433 So.2d 1319 (Fla. 3d DCA 1983), this Court stated that “timely objection is as much a predicate for the grant of a new trial by the lower court as it is a predicate for reversal on appeal, unless the error can be said to be so fundamental as to extinguish a party’s right to a fair trial.” Id. at 1322. See also Cushman & Wakefield of Fla., Inc. v. Comreal Miami, Inc., 683 So.2d 208 (Fla. 3d DCA 1996). The issue discussed above, if error at all, is not fundamental. Accordingly, we conclude that the trial court abused its discretion by granting a new trial.
Reversed and remanded with directions to reinstate the jury’s verdict.