WHATLEY, Judge.
Publix Super Markets, Inc., appeals the orders granting Julie Griffin and William Griffin a new trial in their personal injury action and imposing sanctions against Pub-lix for the actions of its private investigator. The Griffins cross-appeal the jury verdict finding Mrs. Griffin 50% negligent. We find merit only in Publix’s appeal and reverse.
Mrs. Griffin sustained severe injuries as a result of being hit in the head with the rear door of her van by the Publix employee who closed that door after helping her load her groceries into the van. She and her husband filed a personal injury action against Publix seeking damages for her injuries and concomitant losses. Because Mrs. Griffin’s physical abilities were at issue, Publix hired an investigator to conduct and record surveillance of her. At trial, the Griffins played a portion of the surveillance tapes for the jury and had their expert comment on Mrs. Griffin’s appearance. During its case-in-chief, Pub-lix proceeded to play all of the surveillance tapes for the jury. At the point when the tapes showed the investigator going into the restroom at a McDonald’s restaurant, the Griffins’ counsel asked for a bench conference. Counsel advised the court that the copies of the surveillance tapes the Griffins had been given during discovery did not contain this scene. After much discussion, the jury was removed from the courtroom, and the tape was played further.[1] It showed the Griffins’ seven-year-old son washing his hands in the restroom. *1141 The tapes that had been provided to the Griffins were then played, and they did not contain this restroom scene. The copies of the tapes that Publix had been given also did not contain this scene.
The Griffins’ counsel moved to strike the tapes and for a curative instruction. He also moved for a mistrial, as well as for attorneys’ fees and discovery sanctions. The trial court granted the motion to strike and for a curative instruction. Counsel withdrew his motion for a mistrial after the court suggested he discuss a mistrial with his clients. After a recess, Publix’s counsel moved for a mistrial on the ground that the total exclusion of the surveillance tapes greatly hampered its defense. The Griffins’ counsel stated that he had discussed the matter with his clients and that they wished to resist a mistrial. They believed a curative instruction should be issued because to do otherwise would reward the wrongdoer. Further discussion was had, and the trial court denied Publix’s motion for mistrial. The court asked the Griffins’ counsel if he was withdrawing his motion for mistrial, and he responded affirmatively. The jury was brought back in the courtroom, and the trial court gave them a curative instruction before trial proceeded.
After the conclusion of trial, the jury returned a verdict finding Mrs. Griffin 50% negligent and awarding her damages of $270,000, which amount was reduced to $135,000 due to the comparative negligence finding. Final judgment in accordance with the jury’s verdict was entered. The Griffins then moved for a new trial on several grounds: introduction of what they characterized as the illegally obtained and improper surveillance tapes; what they characterized as Publix’s serious discovery violation involving spoliation of evidence; the trial court’s failure to give a sufficiently strong curative instruction that advised the jury that the surveillance video was obtained improperly due to the misconduct of Publix and its agents; the trial court’s denial of their motion for a directed verdict on the issue of comparative negligence; and that the jury’s verdict was against the manifest weight of the evidence. The trial court granted the Griffins’ motion and ordered a new trial. Pub-lix filed an appeal of that order. The Griffins then filed a motion in the trial court for the sanctions of attorneys’ fees, costs, and travel expenses. The trial court also granted this motion, and Publix appealed this order as well. The two appeals were consolidated upon motion of Publix. The Griffins cross-appeal the final judgment on the ground that the comparative negligence finding was against the manifest weight of the evidence. We reverse the orders granting a new trial and imposing sanctions.
ORDER GRANTING NEW TRIAL
In the order granting the Griffins’ motion for new trial, the trial court set forth as the basis of the order “the misconduct of the private investigator, agent of the defendant, Publix.” The trial court abused its discretion in entering this order for two reasons. First, during trial, the Griffins sought a mistrial because of the investigator’s conduct but then withdrew their motion, expressly stating that they wished to resist a mistrial and believed a curative instruction should be issued. The trial court not only gave a curative instruction, it granted the Griffins’ motion to strike the surveillance tapes from evidence. Thus, the Griffins waived their right to a new trial on the ground of the investigator’s conduct. See Robinson v. Bucci, 828 So.2d 478 (Fla. 2d DCA 2002); Saxon v. Chacon, 539 So.2d 11 (Fla. 3d DCA 1989).
Second,
*1142 [although an order for new trial need not incant language to the effect that the verdict is against the manifest weight of the evidence or was influenced by considerations outside the record, the order must give reasons which will support one of these two conclusions so that it will be susceptible of appellate review.
Wackenhut Corp. v. Canty, 359 So.2d 430, 435 (Fla.1978). The misconduct of Publix’s private investigator is not a reason that will support either of the conclusions required by Canty. It certainly has nothing to do with the weight of the evidence, and it could not have influenced the jury because the jury neither saw the restroom scene nor was made aware of the discrepancy between the original tapes and the copies. Furthermore, while we understand the outrage of the Griffins and the trial court over the investigator’s filming of the Griffins’ son in the restroom, it was irrelevant to the jury’s determination of Mrs. Griffin’s comparative negligence.
Thus, we reverse the order granting the Griffins’ motion for new trial.
ORDER IMPOSING SANCTIONS
In the order granting the Griffins’ motion for sanctions, the trial court elaborated on the investigator’s misconduct and noted that it had granted a new trial. Where the issues raised in a posttrial motion for discovery sanctions are directly intertwined with the issues raised in the main appeal, the trial court lacks jurisdiction to entertain the posttrial motion after the appeal has been filed. See Amlan, Inc. v. Detroit Diesel Corp., 651 So.2d 701, 706 (Fla. 4th DCA 1995). Thus, we reverse the order imposing sanctions on Publix for discovery violations.
THE GRIFFINS’ CROSS-APPEAL
The Griffins argue in their cross-appeal that the trial court erred in denying their motion for directed verdict on the issue of comparative negligence and that the jury’s verdict is against the manifest weight of the evidence. These arguments are without merit. Mrs. Griffin testified that she was looking right at the Publix employee as he closed her van door. However, she told her physical therapist and a friend that she reached into the van at the last minute. The jury could have based its comparative negligence finding on either of these circumstances. Thus, the trial court properly denied the Griffins’ motion for directed verdict. The jury’s verdict is supported by substantial, competent evidence.
Accordingly, we reverse the order granting a new trial and imposing sanctions and remand for reinstatement of the final judgment entered in accordance with the jury’s verdict.
DAVIS and KELLY, JJ„ Concur.

. Publix has stated in its brief filed in this appeal that the jury witnessed at most only the fast forwarding of the restroom scene and that it was never advised that the boy in the scene was the Griffins’ son. Our reading of the transcript reveals, as explained above, that the jury had been removed from the courtroom before the subject scene was played. Our analysis of the issues in this case *1141 would not change even if the jury did witness the scene.