983 So.2d 791 (2008)
Sylvester LEE, individually and as Personal Representative of the Estate of Annie Pearl McCuller Lee, Appellant,
v.
OCEANS CASINO CRUISES, INC., and David Boyce, Appellees.
No. 3D06-1843.
District Court of Appeal of Florida, Third District.
June 25, 2008.
*793 Gustavo Gutierrez, Coconut Grove; Kimberly L. Boldt, for appellant.
Hinshaw & Culbertson and James H. Wyman, Fort Lauderdale, for appellees.
Before COPE, and RAMIREZ, JJ., and PALMER, Associate Judge.

ON MOTION FOR REHEARING
RAMIREZ, J.
We deny the appellees' motion for rehearing or clarification, but we withdraw our previous opinion filed March 5, 2008, and substitute the following opinion in its place.
Sylvester Lee appeals the trial court's order granting a new trial on liability on the grounds that Lee's counsel improperly impeached the appellees', Oceans Casino Cruises, Inc. and David Boyce expert witness. Because Oceans Casino and Boyce did not preserve for appellate review the issue of the expert's improper impeachment, we reverse the order granting a new trial on liability and remand the case for a trial on damages.
Annie Pearl McCuller Lee suffered fatal injuries, and her husband, Sylvester Lee, suffered serious injuries when David Boyce, an employee of Oceans Casino, struck the couple's vehicle. Sylvester Lee then sued Boyce and Oceans Casino, the owner of the vehicle Boyce drove at the time of the accident.
At trial, the defendants introduced the testimony of expert witness Rick Swope. On direct, Swope testified that he worked for the Broward County's Sheriff's Office, and that he had retired. During cross-examination, plaintiff's counsel asked Swope if he had been fired from the Broward County's Sheriff's Office to which Swope responded that he had not been fired, he had a perfectly clean record with that office, and that he continued to do work for the same office. Defense counsel did not object during Swope's cross-examination.
Plaintiff's counsel thereafter moved for a mistrial based upon personal comments which defendants' counsel made about plaintiff's counsel in front of the jury. The defendants opposed the motion for mistrial, and the trial court agreed to give a curative instruction based on defense counsel's improper comments.
Following Swope's testimony and at side bar, the trial court asked plaintiff's counsel whether he had a basis for the question regarding Swope's employment termination. Plaintiff's counsel explained that he had been advised that Swope had not retired from the Broward County's Sheriff's Office and that he was going to inquire further. Defense counsel did not comment during this discussion, and he did not raise any objection.
The trial court subsequently agreed not to give any special jury instruction based upon the improper comments defendants' counsel made about plaintiff's counsel. The trial court also mentioned that plaintiff's question to Swope about Swope's termination of employment may have antagonized some of the jurors and that he preferred to give a neutral instruction. Plaintiff's counsel preferred not to have a neutral instruction, and defense counsel raised no objection.
*794 The jury returned a verdict in plaintiff's favor. Defendants' counsel moved for a new trial, alleging for the first time that the improper impeachment of Swope prejudiced the case and warranted a new trial. At the hearing on the motion, plaintiff's counsel explained that he had received information that: the Broward County's Sheriff's Office had terminated Swope. Swope had sued the office to be reinstated, and the office had reinstated him. The trial court granted the motion for new trial on the grounds that the plaintiff's counsel improperly attempted to impeach the defendants' expert witness.
We review an order in which the trial court grants a motion for new trial based upon an abuse of discretion standard. Robinson v. Bucci, 828 So.2d 478, 481 (Fla. 2d DCA 2002). The trial court abuses its discretion when it grants a new trial in reliance on an error that is neither preserved nor fundamental. Conklin Shows, Inc. v. Llanes, 733 So.2d 595 (Fla. 3d DCA 1999).
Even if plaintiff's counsel improperly impeached defendants' expert witness, we believe a new trial is not warranted. In KMart Corp. v. Hayes, 707 So.2d 957, 957 (Fla. 3d DCA 1998), we stated that "a new trial cannot be granted on a ground that was not preserved by timely objection or motion during trial," and that "[g]ranting a new trial under circumstances where a party did not properly preserve the issue is an abuse of discretion." Defense counsel did not object during the cross-examination of the expert or at anytime thereafter on the basis of improper impeachment. In fact, defendants' counsel opposed plaintiff's motion for mistrial after the offensive cross-examination of the expert witness. Furthermore, defense counsel neither requested that the trial court strike the employment termination question and answer, nor did counsel say anything when the trial court sua sponte requested a basis for the employment termination question.
Additionally, defense counsel did not pursue a curative instruction or a special jury instruction on the issue of the expert's improper impeachment. Defense counsel had ample opportunity in which to do so. Defense counsel thus did not preserve for review any error.
Furthermore, a new trial is not warranted on the basis of fundamental error. "Fundamental error occurs where the error is so extreme that it could not be corrected by an instruction if an objection had been lodged, and that it so damaged the fairness of the trial that the public's interest in our system of justice justifies a new trial." Grau v. Branham, 761 So.2d 375, 378 (Fla. 4th DCA 2000). A curative instruction could easily have cured any damage to the fairness of the trial.
We also disagree with the argument that the verdict was against the manifest weight of the evidence because the trial court never found that the jury's verdict was against the manifest weight of the evidence. We recognize that the order granting a new trial is within the trial court's broad discretionary authority. See Brown v. Estate of Stuckey, 749 So.2d 490, 497-98 (Fla.1999). The trial court's comment that the jury was deceived as to the force and credibility of the expert's testimony and influenced by considerations outside of the record refers merely to the unpreserved improper impeachment. There is simply no evidence on the record to support the conclusion that the jury was deceived by the questions regarding Swope's employment with the Broward County's Sheriff's Office. We conclude that it was unreasonable for the trial judge to determine that the jury was deceived by the questions regarding whether Swope had been terminated, for which there were *795 no objections, and if an objection had been made, any jury misimpression could have been easily remedied by a curative instruction.
The trial court's order granting a new trial basically encourages an attorney to sit silently during trial, await the outcome, and complain only if it is an unfavorable result. We therefore reverse the order granting a new trial and remand the case with instructions to reinstate the jury's verdict on liability, and proceed with a new trial on damages.
Reversed and remanded with instructions.