WARNER, Judge.
The court entered a final judgment in this case without notice to the appellants. Although it based the final judgment on a “special release” which provided for an immediate entry of a final judgment after default of payments, we hold that the release did not permit the entry of a default final judgment. We therefore reverse.
Appellee filed a complaint for damages against the appellants for a breach of contract. Subsequently, the parties signed a settlement agreement which provided that appellants would make payments to the ap-pellee to settle the suit. The appellee then executed a special release which released all of appellee’s claims against the appellants in consideration of the payments. It further provided:
If STC and/or SBI [appellants] default as to any payment, whether by failure to make same, by check for insufficient funds, or otherwise, this Special Release shall be null and void, and ICC [appellee] shall be entitled to the immediate entry of a Final Judgment in its favor against STC and *423 SBI, jointly and severally, for the total amount remaining due and owing plus interest, court costs, and attorneys’ fees necessary to obtaining said Final Judgment. In the event thereof, STC and SBI expressly agree to waive all defenses to nonpayment and default.
While both parties signed the settlement agreement, the special release bears the ap-pellee’s signature only, and the foregoing terms were not a part of the settlement agreement.
When the appellants failed to make a payment, the appellee filed a motion for entry of final judgment against the appellants in the trial court, attaching the settlement agreement, the special release, and an affidavit of nonpayment. In its final judgment, the court found that the appellants had breached the settlement agreement, and pursuant to the special release, the breach entitled the appel-lee to “immediate entry of a Final Judgment against the Defendants jointly and severally as a result of the above-stated defaults.” The court entered final judgment without notice to the appellants.
The settlement agreement did not permit immediate entry of a final judgment without notice. Although the special release refers to the right to an immediate judgment upon default, the appellants did not sign that document and it is not binding upon them.
The appellants are entitled to notice of the entry of the final judgment. They must have the opportunity to be heard in opposition to its entry, where they might contest the fact of nonpayment of the obligation, for instance. Without an opportunity to be heard, the appellants were deprived of their due process rights. While appellee claims that the appellants were on notice that a final judgment would be requested, general notice that a hearing might be held is not adequate to advise a party that a hearing has been scheduled on the matter so that the party may appear and address the court.
The appellants signed no document waiving their right to notice of the application for a final judgment. As no notice was furnished, the final judgment is reversed and remanded for further proceedings.
PARIENTE and STEVENSON, JJ., concur.