705 So.2d 1007 (1998)
Barbara BUTTS, Appellant,
v.
Brian HEGMANN, Appellee.
No. 97-3217.
District Court of Appeal of Florida, Fourth District.
February 4, 1998.
Stuart N. House of Stuart N. House, P.A., Pompano Beach, for appellant.
Kathryn M. Beamer of Kathryn M. Beamer, P.A., West Palm Beach, for appellee.
POLEN, Judge.
Appellant/mother, Barbara Butts, appeals an order that granted the appellee/father Brian Hegmann's emergency petition for custody and gave him permanent sole custody and parental responsibility of the parties' minor son. Butts argues that the order setting the hearing on this petition was insufficient to provide her with notice that permanent custody would be decided. We agree and reverse.
Butts and Hegmann, who were never married, equally split custody of their minor son pursuant to a March, 1995 court order. In July, 1997, Hegmann filed an emergency petition for determination of paternity, custody and child support, in which he sought permanent custody of the child. He also filed a verified ex-parte motion for temporary injunction to thwart Butts' alleged threats that she would leave the jurisdiction with the minor child. The court entered an order granting the ex-parte temporary injunction, as well as setting a hearing date for August 6, 1997. The order did not specify the subject matter of the hearing.
Butts did not file a response to Hegmann's petition and appeared at the August 6, 1997 hearing pro se. At the conclusion of the *1008 hearing, the trial court ordered that Hegmann have sole parental responsibility and permanent sole custody of the minor child. Butts then appealed, claiming that the notice of hearing did not indicate that Hegmann's petition on permanent custody would be heard on that date.
The notice required for any proceeding which may produce a final result is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. Hart v. Hart, 458 So.2d 815, 816 (Fla. 4th DCA 1984) (citations omitted); Franko v. Ryan-Franko, 679 So.2d 1314 (Fla. 4th DCA 1996). In this case, the notice of the August 6, 1997 hearing contained in the ex-parte order on Hegmann's motion for temporary injunction did not reasonably apprise either party that that hearing would result in a permanent custody determination. Accordingly, we reverse the trial court's order granting Hegmann permanent custody of the minor child and remand the case for a final hearing after due notice has been properly given.
REVERSED and REMANDED for further proceedings in accordance with this opinion.
GLICKSTEIN, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.