707 So.2d 874 (1998)
AMERICAN CAPITAL NETWORK and Robert Schlein, Appellants,
v.
COMMAND CREDIT CORPORATION, Appellee.
No. 97-0591.
District Court of Appeal of Florida, Fourth District.
March 4, 1998.
Howard A. Tescher and Richard B. Storfer of Kipnis Tescher Lippman & Valinsky, Fort Lauderdale, for appellants.
John G. George of George and Lander, P.A., Fort Lauderdale, for appellee.
RAMIREZ, JUAN, Jr., Associate Judge.
This is an appeal from a final judgment entered ex-parte pursuant to a letter of settlement. We reverse.
On the eve of trial, the parties negotiated a settlement. Appellants' counsel drafted a letter setting forth all the terms of the agreement, including that "the parties' counsel shall execute a Stipulation for Entry of Final Judgment providing for the entry of a Final Judgment." The letter did not authorize Appellee, Command Credit, to apply ex-parte, for a judgment in the event of a default. Appellee acknowledged its agreement by *875 counsel signing and returning it to Appellants' attorney.
The stipulation was never executed and Appellants never made the required payments. When Appellee received no response to its demand letter, counsel for Command Credit sent a letter to the trial court requesting that a final judgment be entered pursuant to the settlement letter. The letter to the court simply attached a copy of the settlement letter and a final judgment. It did not include any affidavits. By the time counsel for Appellants attempted to dispute the matter, the judge had already signed the final judgment. They filed no motion for rehearing.
Where the parties intend that there will be no binding contract until the negotiations are reduced to a formal writing, there is no contract until that time. Club Eden Roc, Inc. v. Tripmasters, Inc., 471 So.2d 1322, 1324 (Fla. 3d DCA 1985); Housing Auth. of City of Fort Pierce v. Foster, 237 So.2d 569 (Fla. 4th DCA 1970). But that is not the situation here. The settlement letter stated that the parties "have settled" the action and the parties "shall execute" the stipulation. The letter sets forth all the necessary terms and concludes that the court shall be informed that the case "has been settled."
However, Appellee's counsel was not authorized to obtain the final judgment ex-parte. While due process does not require that parties must always be given a hearing on the merits in a civil matter, they must be given a meaningful opportunity to be heard. Millstream Corp. v. Dade County, 340 So.2d 1276, 1278 (Fla. 3d DCA 1977). "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950), quoted in Quay Dev., Inc. v. Elegante Bldg. Corp., 392 So.2d 901, 903 (Fla.1981). Clearly, obtaining a final judgment is a proceeding which is accorded finality. Thus, the court erred in not affording Appellants a hearing. The procedure followed here was recently condemned in Special's Trading Co. v. International Consumer Corp., 701 So.2d 422 (Fla. 4th DCA 1997).
REVERSED.
GUNTHER and SHAHOOD, JJ., concur.