PER CURIAM.
Dale Derrevere obtained a final default judgment against his former daughter-in-law, Gena Derrevere. Gena subsequently filed a Verified Motion to Vacate Final Judgment. The trial court granted the motion and Dale filed this non-final appeal. For the reason expressed below, we reverse.
On November 24, 2003, Dale filed a complaint against Gena seeking to recover $110,000 that he allegedly lent her. Gena was served with the complaint on December 2, and no responsive pleading was filed or served within twenty days. Dale sought a clerk’s default, which he obtained on January 5, 2004. He then obtained a final default judgment on January 9, 2004, the same day that Gena filed a responsive pleading.
On January 13, Gena filed a Verified Motion to Vacate Final Judgment, alleging that due to inadvertence, her counsel failed to properly calendar the due date for the responsive pleading. Gena served a notice for the hearing on the motion on Dale, stating a hearing date of Thursday, January 21, 2004. January 21 was actually a Wednesday, and on that day only Gena’s counsel appeared for the hearing. The trial court granted Gena’s motion. Dale’s counsel appeared for the hearing on Thursday, January 22, and learned that the hearing had been held on Wednesday. Dale then appealed the granting of the motion to vacate the default judgment to this Court, alleging certain technical deficiencies in the motion.
We conclude that this case must be reversed and remanded for a hearing on the motion to vacate with counsel for both *716 parties in attendance. The notice of hearing served by Gena on Dale stated a day and date that did not properly correspond with the calendar. As a result, the notice was defective because it caused Dale to miss the hearing and the opportunity to present his opposition to the motion to the trial court before it made its ruling. See Butts v. Hegmann, 705 So.2d 1007, 1008 (Fla. 4th DCA 1998)(“The notice required for any proceeding which may produce a final result is notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.”). Therefore, we do not see fit to address Dale’s arguments, because the trial court has not yet heard or ruled upon them. Consequently, we reverse and remand for the trial court to hold a hearing on Gena’s Verified Motion to Vacate Final Judgment at which time both Gena’s inadvertence argument and Dale’s technical deficiency argument can be presented and considered by the trial court.
REVERSED AND REMANDED.
GUNTHER, GROSS and TAYLOR, JJ., concur.