925 So.2d 379 (2006)
John DeCHELLIS, Appellant,
v.
Pamela Lindner DeCHELLIS, Appellee.
No. 4D04-1878.
District Court of Appeal of Florida, Fourth District.
March 8, 2006.
Rehearing Denied April 25, 2006.
*380 Amy D. Shield of Amy D. Shield, Boca Raton, and Sullivan & Sullivan, Vero Beach, for appellant.
Paula Revene of Paula Revene, P.A., Fort Lauderdale, for appellee.
REYES, ISRAEL U., Associate Judge.
John DeChellis, (the former husband) appeals the entry of a final Qualified Domestic Relations Order (QDRO)[1] rendered on March 24, 2004. For the reasons stated below, we reverse.
The trial court entered a QDRO directing the distribution of alimony to Pamela DeChellis (the former wife) from four accounts *381 belonging to The Former Husband. Both parties agreed to the language of the QDRO, which tracked the language in the Final Judgment of Dissolution. Upon receipt of the QDRO, the benefit plan manager wrote to the former wife's attorney with several concerns. She explained that one of the accounts had been liquidated and that a second account, the deferred compensation plan, was a non-qualified plan, and therefore, not subject to a QDRO. On January 2, 2004, the attorney for the former wife sent a revised QDRO to the trial court. The revised QDRO directed that the same amount of money be distributed from only the two remaining accounts. The trial court entered the revised QDRO without a hearing.
On March 11, 2004, the former husband's attorney sent a letter to the trial court objecting to the entry of the QDRO on the basis that it materially altered the final judgment. In addition, counsel stated, in pertinent part, "this matter cannot be handled without having additional testimony and a hearing." The trial court, by Hotmail[2] and telephone, notified counsel for both parties to be present for a hearing on March 24, 2004. The court did not enter an order setting the hearing or stating its purpose and did not instruct the former husband's attorney to file and send a written notice of the hearing in the form outlined in Florida Family Law Rule of Procedure 12.923. Thus, it appears from the record before us, that neither party nor the Clerk of the Court knew why the trial court was requesting the presence of the attorneys at that time.
On March 24, 2004, during the subject hearing, and after being informed that no motion was pending, the court inquired as to the reason for the hearing. After explaining the situation involving the QDRO, the former husband's attorney objected to the hearing taking place noting that he had not been made aware of its purpose and adding that his client was away on vacation. Instead of rescheduling the hearing, the trial court entered a new QDRO, which is the subject of this appeal.
Florida Family Law Rule of Procedure 12.090 states that time computations shall be governed by Florida Rule of Civil Procedure 1.090. Section (d) of that rule mandates that a copy of the notice of hearing on a motion be "served a reasonable time before the time specified for a hearing." Fla. R. Civ. P. 1.090(d). Due process requires notice so as to reasonably convey the required information affording a reasonable time for those interested to make their appearances with due regard for the practicalities and peculiarities of the case. Mullane v. Cent. Hanover Bank, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); see also Fla. Fam. L.R.P. 12.923. General notice that a hearing might be held is not adequate to advise parties that a hearing has been scheduled so the parties may appear and address the court. Special's Trading Co. v. Int'l Consumer Corp., 701 So.2d 422 (Fla. 4th DCA 1997). Parties are entitled to notice of entry of a final judgment so they have an opportunity to be heard in opposition to its entry. Without an opportunity to be heard, a party is deprived of his due process rights. Id. at 423.
Because the effect of a QDRO is to produce a final result, adequate notice becomes even more imperative. Butts v. Hegmann, 705 So.2d 1007 (Fla. 4th DCA 1998) (the notice required for any proceeding which may produce a final result is notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford *382 them an opportunity to present their objections). Here, there was no pending motion. Even if the court had treated the former husband's letter as a motion, proper notice of the hearing would still have been required. Because the parties were not given adequate notice of the hearing, the former husband was not prepared for what transpired and was thus deprived of his due process rights to present arguments in opposition to entry of the QDRO.
Accordingly, the QDRO entered on March 24, 2004 is vacated. The case is remanded for the trial court to conduct an evidentiary hearing prior to the entry of a new or the same QDRO only after all interested parties are provided with adequate notice as stated herein. Based on this decision, we decline to address the substantive issue of whether the QDRO fails to conform with the final judgment.
Reversed and Remanded with Directions.
STONE and KLEIN, JJ., concur.
NOTES
[1] The term "qualified domestic relations order" means any judgment which relates to the provision of alimony made pursuant to State domestic relations law creating or recognizing the existence of any alternate payee's right to, or assigns to an alternate payee the right to, receive all or a portion of the benefits payable to a participant under a deferred compensation plan. 26 U.S.C. § 414(p). This is the Internal Revenue Service's approved method by which a benefits plan manager is permitted to distribute funds from those accounts subject to the QDRO pursuant to a State court's final judgment awarding alimony.
[2] Although the record is not clear, this appears to be electronic mail.