991 So.2d 967 (2008)
NORTH BROWARD HOSPITAL DISTRICT d/b/a North Broward Medical Center, Petitioner,
v.
Tarves DURHAM, Respondent.
No. 4D07-1581.
District Court of Appeal of Florida, Fourth District.
September 17, 2008.
*968 Janine Kalagher McGuire of Conrad & Scherer, LLP, Fort Lauderdale, for petitioner.
Rebecca Mercier Vargas and Jane Kreusler-Walsh of Kreusler-Walsh, Compiani & Vargas, P.A., West Palm Beach, and Stacie L. Cohen of Fenster Cohen & Sobol, P.A., Sunrise, for respondent.
PER CURIAM.
Petitioner North Broward Hospital District filed this petition for writ of certiorari seeking review of a trial court order denying a stay and directing it to produce incident reports, investigative reports and peer review records in a pending medical malpractice action, and an order denying rehearing and clarification.
Certiorari lies to review trial court orders overruling claims of statutory privilege, including peer review privilege as asserted here. See generally Allstate Ins. Co. v. Langston, 655 So.2d 91 (Fla.1995); Morton Plant Hosp. Ass'n v. Shahbas ex rel. Shahbas, 960 So.2d 820 (Fla. 2d DCA 2007); Tarpon Springs Gen. Hosp. v. Hudak, 556 So.2d 831 (Fla. 2d DCA 1990). Review calls for a determination of whether the trial court departed from the essential requirements of law resulting in harm of a material nature which cannot be remedied on direct appeal.
We agree with petitioner that the trial court departed from the essential requirements of law causing material and irreparable harm in overruling its peer review objections to discovery without adequate notice and an opportunity to be heard on them. Petitioner's objections to discovery were never noticed for hearing, and respondent/plaintiff did not move to compel production of the requested documents. The trial court's decision to entertain the discovery issues and rule on them at the hearing on petitioner's motion for stay denied petitioner due process. See *969 DeChellis v. DeChellis, 925 So.2d 379 (Fla. 4th DCA 2006).
Petitioner did not seek a ruling on its objections to discovery when it requested a stay in the trial court. The motion for stay asked the trial court to defer ruling on petitioner's objections to discovery until resolution of the cases pending before the Supreme Court of FloridaNotami Hospital of Florida, Inc. v. Bowen, 927 So.2d 139 (Fla. 1st DCA 2006), and Florida Hospital Waterman, Inc. v. Buster, 932 So.2d 344 (Fla. 5th DCA 2006). Those cases concerned challenges to Amendment 7, redesignated as article X, section 25 of the Florida Constitution, and codified as section 381.028, Florida Statutes. This amendment provides the patients' right to know about adverse medical incidents. The Supreme Court of Florida has since issued a consolidated opinion, ruling that the amendment is self-executing and applies retroactively to existing records. See Fla. Hosp. Waterman, Inc. v. Buster, 984 So.2d 478 (Fla.2008). This decision allows us to lift our previous stay order in this case.
Petitioner did not waive the peer review, work product or any other privilege by failing to file a privilege log in this case prior to the hearing on its motion for stay. The issues raised in the motion for stay were threshold issues which had to be resolved before discovery objections could be considered by the trial court after notice to petitioner.
Based on the supreme court's decision in Florida Hospital Waterman, we reject petitioner's argument that Amendment 7 should have prospective application only. Nonetheless, since petitioner has been denied due process in this case, we quash the trial court's orders and remand for further proceedings in the trial court on petitioner's discovery objections.
Petition granted, order quashed and cause remanded for further proceedings.
STONE, STEVENSON and TAYLOR, JJ., concur.