SAWAYA, J.
 

 The issue in this case is whether the mother, Jennifer Stoothoff, and the father, Delbert Hobdy, had a valid and binding settlement agreement concerning the time-sharing schedule of their children. Because no such agreement exists, we reverse.
 

 The record reveals that the parties were negotiating the terms of a Parenting Plan governed by section 61.046(14), Florida Statutes (2010). Time-sharing of the children is just one aspect of the Plan; other issues remained for negotiation between the parties before a written, binding agreement could be reached. There was no written document executed by the parties regarding all aspects of the Plan, as contemplated under section 61.046(14), and, therefore, the trial court erred in concluding that a valid and binding settlement agreement had been reached.
 
 See DK Arena, Inc. v. EB Acquisitions I, LLC,
 
 31 So.3d 313, 326 (Fla. 4th DCA) (“Where it appears ‘that the parties, or either of them, intended that the contract should be reduced to writing, so that its terms would be fully understood and definitely stated in the writing, the contract will not be regarded as complete or binding until it is reduced to writing and acquiesced in by both parties.’ ” (quoting
 
 Ocala Cooperage Co. v. Fla. Cooperage Co.,
 
 59 Fla. 390, 52 So. 13, 16 (1910))),
 
 review granted,
 
 47 So.3d 1288 (Fla.2010);
 
 Am. Capital Network v. Command Credit Corp.,
 
 707 So.2d 874, 875 (Fla. 4th DCA 1998) (“Where the parties intend that there will be no binding contract until the negotiations are reduced to a formal writing, there is no contract until that time.”).
 

 Accordingly, we reverse the order under review entitled “Final Judgment of Time-Sharing” and remand this case for further proceedings.
 

 REVERSED and REMANDED.
 

 MONACO, and COHEN, JJ., concur.