COPE, J.
Joseph Sklandis appeals a final judgment dismissing his case. For procedural reasons, we remand for a new hearing.
Plaintiff Joseph Sklandis sued defendant Walgreen Company for personal injury occurring on Walgreen’s premises. Prior to trial, Walgreen moved to dismiss the action based on a claim of fraud and perjury by the plaintiff. See Leo’s Gulf Liquors v. Lakhani, 802 So.2d 337 (Fla. 3d DCA 2001). At the court’s request, this was set for a hearing after a previously scheduled calendar call. The notice reflected that this was a “motion calendar” hearing, and there was no indication that evidence would be taken.
At the hearing, Walgreen brought witnesses to present testimony. The plaintiff objected that there had been no notice for an evidentiary hearing. Consequently plaintiffs counsel had not arranged for plaintiff to be present. The plaintiffs counsel stated that the plaintiff would wish to testify, and indicated what the substance of the plaintiffs testimony would be. The plaintiff also objected that the hearing had been scheduled on less than twenty-four hours notice, and that such notice was unreasonably short.
We conclude that there was insufficient due process notice. There was no notice to the plaintiff that evidence would be taken, and plaintiff made a timely objection on this point. The plaintiff is entitled to fair notice and an opportunity to be heard, prior to any order being entered which would dismiss the case on the basis of fraud and perjury. See Butts v. Hegmann, 705 So.2d 1007, 1008 (Fla. 4th DCA 1998); Hart v. Hart, 458 So.2d 815, 816 (Fla. 4th DCA 1984); Henzel v. Golstein, 349 So.2d 824, 825 (Fla. 3d DCA 1977). Further, one day’s notice for a nonemer-gency dispositive motion was unreasonably short. See J.B. v. Dept. of Children & Family Serv., 768 So.2d 1060, 1067 (Fla. 2000); Crepage v. City of Lauderhill, 774 So.2d 61, 65 (Fla. 4th DCA 2000).
We reverse the judgment and remand for a new evidentiary hearing. We do so solely on procedural grounds, and do not express any opinion on the merits of Walgreen’s dismissal motion.
Reversed and remanded for a new hearing.