866 So.2d 89 (2004)
Charles MEDINA, Appellant,
v.
FLORIDA EAST COAST RAILWAY, L.L.C., Appellee.
No. 3D02-3309.
District Court of Appeal of Florida, Third District.
January 7, 2004.
Barbara Green, Coral Gables, for appellant.
Conroy, Simberg, Ganon, Krevans & Abel and Hinda Klein, Hollywood, for appellee.
Before GERSTEN, FLETCHER, and SHEPHERD, JJ.
*90 PER CURIAM.
Charles Medina ("Medina") appeals from an order dismissing his personal injury claims for discovery violations which were found to have pervaded the proceedings. We reverse on the sole ground that Medina should have been afforded the opportunity, requested by him through counsel at the hearing, to appear in person and explain the discovery violations which were the basis for the dismissal.
Medina was employed by the Florida East Coast Railway ("FEC"). In November of 1999, Medina was involved in an on the job accident while he was connecting an air hose between two boxcars. Medina alleged that the accident caused injuries to his left knee and back. Medina brought a claim against FEC under the Federal Employer's Liability Act, the Locomotive Inspection Act, and the Safety Appliances Act. After discovery, FEC moved to dismiss Medina's claim on the grounds that he had repeatedly lied under oath concerning prior workers' compensation claims, a prior motor vehicle accident, prior injuries, and prior psychological treatment. The court heard arguments on FEC's motions, but refused Medina's request to conduct an evidentiary hearing. The trial court found that Medina "gave false, misleading and incomplete answers during discovery of such severity that he [had] committed a fraud upon the court" and entered an order dismissing his claim with prejudice. For the following reasons, we reverse.
We recognize that a trial court has broad discretion when imposing sanctions arising from serious abuses of the judicial process. Tramel v. Bass, 672 So.2d 78, 82 (Fla. 1st DCA 1996). A trial court has the inherent authority to dismiss an action when it finds that a plaintiff has perpetrated a fraud on the court. Cox v. Burke, 706 So.2d 43, 46 (Fla. 5th DCA 1998); Tri Star Invs., Inc. v. Miele, 407 So.2d 292, 293 (Fla. 2d DCA 1981). However, due to the severity of dismissal as a sanction, it should only be employed in extreme circumstances, Cox, 706 So.2d at 46, and only after the plaintiff has been given fair notice and an opportunity to be heard. Sklandis v. Walgreen Co., 832 So.2d 942, 943 (Fla. 3d DCA 2002).
Although Medina received fair notice and the court heard arguments on FEC's motions, under these circumstances, the court abused its discretion by imposing the ultimate sanction without first taking the additional step of granting Medina's request for an evidentiary hearing, so as to give him the opportunity to appear in person and possibly explain the discovery violations which were the basis for the dismissal.
Accordingly, the order granting FEC's motion to dismiss is reversed and the case remanded for an evidentiary hearing on the motion.
Reversed and remanded.