EMAS, J.
This is an appeal from an order of the trial court dismissing with prejudice Appellants’ second amended complaint, based upon a finding that Appellants perpetrated a fraud upon the court. For the following reasons, we reverse.
Appellants, Jose Suarez and Anais Suarez, filed a complaint (subsequently amended twice) against Benihana National of Florida Corporation (“Benihana”) seeking damages for severe injuries they (and the four-year-old daughter of Anais Suarez) allegedly sustained when they were attacked and beaten by at least three other patrons at the Benihana restaurant. The operative complaint alleged that Ben-ihana was negligent in failing to provide adequate security at the restaurant.
The incident occurred at the Benihana restaurant on August 4, 2006. Appellants had finished eating at the restaurant and were waiting outside for the valet to bring their car when they were confronted by one of the attackers. A verbal altercation initially began between Jose Suarez and one of the attackers. This initial verbal altercation appeared to have ended, but was later renewed when two other individuals came out of the restaurant, joined their friend (the first attacker), and verbally confronted Jose Suarez again. The verbal confrontation soon escalated into a physical altercation, during which Appellants were beaten by the three men. As a i’esult of the incident, the three men were arrested and charged with felonies arising out of the assault and battery upon Appellants. In January of 2007, each of the Appellants was deposed by the attorneys representing the defendants in the criminal proceeding. Those depositions were transcribed and were a part of the file maintained by the Clerk of Courts in the criminal proceeding.
*351 In June of 2009, nearly three years after the incident, Appellants commenced their civil action against Benihana. In February of 2011, more than four years after the depositions were taken in the criminal case, Appellants were deposed by attorneys representing Benihana in the civil action.
During the course of the 2011 civil deposition, Jose Suarez gave answers which contradicted some of the answers he provided in his 2007 criminal deposition. The inconsistencies of Jose Suarez, as detailed by the trial court in its dismissal order, are set forth below:
— In his criminal deposition, Jose Suarez testified that he “had a drink” the night of the incident. In his civil deposition he testified that he “did not drink alcohol that night.”
— In his criminal deposition, Jose Suarez testified he acknowledged using profanity when talking to the attackers. In his civil deposition, he testified he never used profanity.
— In his criminal deposition, Jose Suarez testified that before the attacker began punching him, the attacker was “patting me on the chest.” In his civil deposition, he testified that the first physical contact was when the attacker punched him.
— In his criminal deposition, Jose Suarez testified that when the attacker punched him “I punched him back.” In his civil deposition, he testified that “I did nothing to cause or contribute to the fight.” [1]
— In his criminal deposition, Jose Suarez testified that one of the attackers asked him “Do you want to fight? Let’s go across the street.” In response, Jose Suarez told the attacker “No, let’s do this right here.” In his civil deposition he testified that, in response to the attacker’s question he replied “I’m not moving from here. I’m not going anywhere.”[2]
— In his criminal deposition he testified “I go to fight him.” In his civil deposition he testified that he never suggested that he was willing to fight them.[3]
Anais Suarez also gave a deposition in both the criminal and civil cases. She attended the civil deposition of Jose Suarez and was present during his questioning *352 by the attorney for Benihana.[4] Her civil deposition was taken a week later and lasted three hours. At the end of her deposition, she was asked whether there was anything incomplete or inaccurate about the four and one-half hour deposition testimony Jose Suarez had given a week earlier. She answered: “Only the birth dates [of family members].”
Further, in her criminal deposition, Anais Suarez testified that Jose Suarez told the initial attacker: “We’ll go across the street and I’ll fight you there.” In her civil deposition, she testified that Jose Suarez never said he would fight them.[5]
This is the sum and substance of the alleged inconsistencies given by Anais Suarez in her two depositions.[6]
Based upon these asserted inconsistencies and contradictions, Benihana moved for dismissal of the second amended complaint with prejudice. The trial court held a hearing (at which no live testimony was offered) and granted Benihana’s motion to dismiss, finding clear and convincing evidence that Appellants “jointly and collu-sively engaged in a scheme designed to prevent the trier from impartially adjudicating this matter through lies, misrepresentations, contradictory statements and otherwise hiding the truth.” The court also found that Appellants’ contradictory statements “rise[ ] to the level of perjury in official proceedings (Section 837.02, Florida Statutes) and perjury by contradictory statements (Section 837.021, Florida Statutes).” Finding that Appellants had perpetrated a fraud upon the court, the court dismissed the second amended complaint with prejudice.
Although we review the trial court’s order under an abuse of discretion standard, Leo’s Gulf Liquors v. Lakhani, 802 So.2d 337 (Fla. 3d DCA 2001), we do so with the understanding that this standard is “somewhat narrowed,” as it must take into account the heightened standard of “clear and convincing evidence” upon which an order of dismissal for fraud on the court must be based. See Ramey v. Haverty Furniture Co., 993 So.2d 1014 (Fla. 2d DCA 2008). The burden was upon Benihana to establish
clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system’s ability impartially to adjudicate a matter of improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party’s claim or defense. When reviewing a case for fraud, the court should consider the proper mix of factors and carefully balance a policy favoring adjudication on the merits with *353 competing policies to maintain the integrity of the judicial system.
Cox v. Burke, 706 So.2d 43, 46 (Fla. 5th DCA 1998) (quoting Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir.1989)).
Having conducted a thorough review of the record below, including a review of all four depositions,[7] we conclude that the trial court abused its discretion in its imposition of this most severe of sanctions. While there are certainly inconsistencies and contradictions in the deposition testimony given by Jose Suarez in 2007 and 2011, the record simply fails to demonstrate clearly and convincingly that Appellants “collusively engaged in a scheme designed to prevent the trier from impartially adjudicating this matter through lies, misrepresentations, contradictory statements and otherwise hiding the truth.” More importantly, we disagree with Ben-ihana’s assertions and the court’s conclusion that the contradictions and inconsistencies go “to the very heart of the claims” against Benihana, justifying dismissal of the action with prejudice.
Although a trial court has the authority to dismiss a case with prejudice where it has been established that a plaintiff has committed a fraud upon the court in the prosecution of the action, such a power must be exercised with great caution. Such a sanction is reserved only for those cases involving “the most blatant showing of fraud, pretense, collusion or other similar wrongdoing.” Laurore v. Miami Auto. Retail, Inc., 16 So.3d 862, 864 (Fla. 3d DCA 2009) (quoting Young v. Curgil, 358 So.2d 58, 59 (Fla. 3d DCA 1978)). See also Francois v. Harris, 366 So.2d 851, 852 (Fla. 3d DCA 1979) (observing that “in all but the most extreme cases, our system entrusts juries with the ultimate decisions” on a disputed claim, and that “[o]ur experience has demonstrated that juries deserve this trust and that they are well able to discern the truth and to render judgment accordingly”).
Even if the record in this case could give rise to some inference of willful or intentional conduct, the nature and substance of the inconsistencies and contradictions required the trial court to consider some lesser sanction, reflecting the proper balance of competing interests and appropriately tailored to address the party’s conduct and the resulting prejudice. Dismissal of a case is an extraordinary sanction and is appropriate only where a party’s misconduct is “correspondingly egregious.” Cox, 706 So.2d at 46. This case clearly fails to present the type of egregious misconduct or extreme circumstance to support dismissal with prejudice.
The order of dismissal with prejudice is vacated and this cause remanded for reinstatement of the action and for proceedings consistent with this opinion.

. Although this is how the trial court characterized the testimony in its order of dismissal, in actuality, Jose Suarez answered "no” to the question: "Do you believe that you did anything to cause or contribute to the physical altercation that occurred?” As we have discussed, two different confrontations occurred that night: the first was a verbal confrontation between Jose Suarez and a single attacker; the second was the physical altercation between Jose Suarez and the three attackers which resulted in the alleged injuries to appellants. Jose Suarez was answering questions about the physical altercation (with the three attackers), not the verbal confrontation (with the single attacker) which had already occurred and ended.

. These two statements do not appear to be materially contradictory or inconsistent.

.When the entirety of the criminal and civil depositions are read and placed in proper context, it becomes clear that the testimony excerpt from the criminal deposition related to the initial verbal confrontation between Jose Suarez and the single attacker ("I go to fight him.") That verbal confrontation appeared to have ended when Jose Suarez told the attacker "Let’s do this right here.” Both men backed away from each other, and Jose Suarez went to his car to leave, at which time the other two attackers came out of the restaurant, joined their friend, and the three attackers renewed the confrontation, which soon escalated and became physical. By contrast, Jose Suarez’s testimony at the civil deposition (in which he said he did not "go to fight them ”) was given in response to a series of questions about this renewed physical altercation involving all three attackers.

. It is worth noting that the civil deposition of Jose Suarez lasted four and one-half hours and is 170 pages long.

. The same discussion at supra note 3 is applicable here.

. Benihana alleged, and the trial court found, that Anais Suarez gave testimony in her civil deposition that contradicted Jose Suarez's testimony in his criminal deposition. While this may be true, it cannot be competent evidence to support a finding that Anais Suarez gave contradictory testimony in her two depositions. At trial, for example, Benihana would not be able to impeach Anais Suarez's testimony by introducing the prior inconsistent statement of Jose Suarez. See § 90.801(2)(a), Fla. Stat. (2006) ("A statement is not hearsay if the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement and the statement is: (a) Inconsistent with the declarant's testimony and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding or in a deposition”) (emphasis added). See also § 90.614, Fla. Stat.2006 (impeachment of witness permitted through introduction of "prior inconsistent statement by that witness”).

. At the hearing on the motion to dismiss, the trial court advised counsel that she had not read the depositions (which were in evidence) but had read only the excerpts provided by counsel. A lesser degree of deference is accorded a trial court's ruling when no live testimony is presented and the order appealed is "based on the same cold document record that is before the reviewing court.” Jacob v. Henderson, 840 So.2d 1167, 1170 (Fla. 2d DCA 2003). See also W. Shore Rest. Corp. v. Turk, 101 So.2d 123, 126 (Fla.1958) (where trial court acted on the same pleadings, affidavits, and depositions which make up the record before the reviewing court, the presumption of correctness is not as strong because the trial court did not hear any testimony or make credibility determinations).