# Third District Court of Appeal

## State of Florida

Opinion filed July 13, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-520
Lower Tribunal No. 11-5340
_____

**Eileen Diaz,**
Appellant,

vs.

**Home Depot USA, Inc., etc., et al.,**
Appellees.



An Appeal from the Circuit Court for Miami-Dade County, Migna Sanchez-Llorens, Judge.

Wasson & Associates and Erin Pogue Newell; Anidjar & Levine, for appellant.

Cole, Scott & Kissane and Scott A. Cole, for appellees.


Before ROTHENBERG, EMAS and FERNANDEZ, JJ.

EMAS, J.

Eileen Diaz appeals an order dismissing with prejudice her complaint against Home Depot USA, Inc. and A.B. Fire Equipment, Inc. for fraud on the court. Having reviewed the record below, including Diaz's deposition, her answers to interrogatories and requests for admissions, and the transcript of the hearing held on Home Depot's motion to dismiss, we affirm the trial court's order.

We review the trial court's order under an abuse of discretion standard, although "we do so with the understanding that this standard is 'somewhat narrowed,' as it must take into account the heightened standard of 'clear and convincing evidence' upon which an order of dismissal for fraud on the court must be based." Suarez v. Benihana Nat. of Fla. Corp., 88 So. 3d 349, 352 (Fla. 3d DCA 2012) (internal citations omitted). "A trial court has the inherent authority to dismiss an action when it finds that a plaintiff has perpetrated a fraud on the court." Medina v. Fla. East Coast Ry., L.L.C., 866 So. 2d 89, 90 (Fla. 3d DCA 2004). However, dismissal is appropriate only where "it is established by clear and convincing evidence 'that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense." Hair v. Morton, 36 So. 3d 766, 769 (Fla. 3d DCA 2010) (quoting Cox v. Burke, 706 So. 2d 43, 46 (Fla. 5th DCA 1998)).

2

Diaz sued Home Depot alleging she was injured in one of its stores when a fire extinguisher fell from the wall above her and hit her in the neck and shoulder. Diaz alleged she suffered permanent injuries to her neck and shoulder and sought both economic and noneconomic damages. In the course of pretrial discovery, including a deposition, Home Depot questioned Diaz about her injuries, as well as whether she suffered any prior neck or shoulder injuries. At each point, Diaz denied that she previously suffered any injury to her neck or back, and denied that she was ever involved (either before or after the Home Depot incident) in a slip and fall accident or a motor vehicle accident that required medical treatment.[1]

However, after obtaining Diaz's medical records, Home Depot discovered that just nine months prior to the Home Depot incident, Diaz had, in fact, been involved in a motor vehicle accident, was placed in a cervical collar, and was transported by ambulance to Homestead Hospital's emergency room where she received treatment. Upon arrival at the emergency room, Diaz complained of, among other things, pain to her neck and upper back. Nurses' notes showed Diaz described her pain level as ten out of ten. The emergency room physician made a

---

[1] In her deposition, for example, Diaz affirmed under oath, and in response to individual questions, that she has "never had any problems with [her] neck"; that the only back pain she ever suffered was during pregnancy and childbirth; that she has "[n]ever been involved in a slip or trip and fall accident for which [she] needed treatment"; that she has "never been in any accident that [she's] been hurt"; that she has never been involved in a motor vehicle accident for which she needed medical treatment; and that she has never been to the hospital for a car accident.

primary diagnosis of neck sprain, with a secondary diagnosis that included cervicalgia, headache, backache and muscle spasm. She was discharged eight hours later, with instructions not to work for two days, and was prescribed ibuprofen, Flexeril and Zantac.

Additionally, the medical records revealed that, less than seven months before the Home Depot incident (and just two months after the above-described accident), Diaz visited the emergency room again, complaining of neck pain and back pain. The medical history reflects that Diaz stated she passed out two days earlier, fell backwards and hit concrete. As reflected in the medical history, Diaz reported that she was experiencing "throbbing pain to neck and sharp pain to back. Back and neck pain increases with movement." Diaz described her pain level as eight out of ten. She was at the hospital for more than six hours, diagnosed with a neck sprain, and was prescribed Percocet upon her discharge.

Finally, the medical records revealed that eight months <u>after</u> the Home Depot incident (and less than two months after filing the instant lawsuit), Diaz was involved in a single-car accident which required her to go the Homestead Hospital emergency room. According to the history provided by Diaz to the nurse, the accident occurred two weeks earlier. At that time, Diaz was driving a car at 120 miles per hour when it struck a divider and spun several times. The windshield on Diaz's car broke, and there was a prolonged extraction of Diaz. Diaz was not

4

wearing a seat belt, but was not ejected from the vehicle. However, she was not ambulatory at the scene of the accident. Diaz reported that she suffered severe pain to her right side for two weeks, and felt a knot to the same area that is growing worse. She described her pain level as ten out of ten.[2] She also reported to the nurse that she had chronic neck pain since 2009. Diaz was taken to radiology for testing and was discharged four hours later, accompanied by a parent.

Home Depot filed a motion to dismiss Diaz's complaint for fraud on the court. The trial court conducted an evidentiary hearing on the motion, at which Diaz testified and several documents were admitted in evidence. The court granted Home Depot's motion to dismiss, finding, in a detailed, seventeen-page order, that, inter alia, Diaz provided false and misleading testimony and that the evidence shows "clearly and convincingly" that Diaz "has demonstrated a willingness to

---

[2] Importantly, this motor vehicle accident occurred after the lawsuit had commenced and during the pretrial discovery period. Diaz gave her deposition just eight months after this single-car accident and her subsequent visit to the emergency room. Although the injuries sustained from the post-incident accident (i.e., right abdominal pain) were different from the injuries allegedly suffered in the instant lawsuit, the significance for our purposes (and for the trial court) was Diaz's consistent denial that she ever sought medical treatment as a result of any motor vehicle accident, whether before or after the incident at issue. While Diaz did eventually disclose that she had been in a post-incident accident, she described it as a "no impact" accident, stated that there was "no damage done to the vehicle," and reaffirmed under oath that she had never been to the hospital as a result of a car accident. The failure to disclose the emergency room visit, and the true nature of the motor vehicle accident leading to that visit, was properly considered by the trial court in weighing Diaz's credibility, and as evidence of Diaz's intent to conceal.

5

give false testimony under oath and has evinced a total and flagrant disregard for the integrity of the civil justice system;" has "engaged in a pattern of fraudulent misconduct designed to improperly bolster her claims and compromise [Home Depot's] defenses;" leaving the court in "no doubt that [Diaz's] conduct is intentional and designed for improper purposes." The court further found that Diaz's explanations for her false testimony were not credible.

We conclude that all of the trial court's findings are amply supported by the record, and we find no abuse of discretion in its decision to dismiss Diaz's complaint with prejudice, based upon a determination that the "evidence clearly and convincingly demonstrated that [Diaz] 'sentiently set in motion [an] unconscionable scheme calculated to interfere with the judicial system's ability to impartially adjudicated a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense.' Cox [v. Burke], 706 So. 2d [43], at 46 [(Fla. 5th DCA 1998)]." See id. at 47 (holding that where plaintiff gave many false or misleading answers in sworn discovery on issues central to her case, the question was close enough that lower court could not be found to have abused its discretion, pointing out that "[a] system that depends on an adversary's ability to uncover falsehoods is doomed to failure, which is why this kind of conduct must be discouraged in the strongest possible way"); Morgan v. Campbell, 816 So. 2d 251, 253 (Fla. 2d DCA 2002) (quoting

Mercer v. Raine, 443 So. 2d 944, 946 (Fla. 1983)) for the proposition that "'the appellate court must fully recognize the superior vantage point of the trial judge and should apply the reasonableness test to determine whether the trial judge abused his discretion'").  See also Austin v. Liquid Distrib., Inc., 928 So. 2d 521 (Fla. 3d DCA 2006) (reaffirming that when a plaintiff makes misrepresentations and omissions about her accident and medical history in interrogatories and in deposition, those misrepresentations and omissions go to the heart of her claim and subvert the integrity of her action); Long v. Swofford, 805 So. 2d 882 (Fla. 3d DCA 2001) (noting that the "trial court has a duty and an obligation to dismiss a cause of action based on fraud" where plaintiff concealed her pre-existing back injury during deposition by stating she had not received medical treatment for her back prior to the accident); Leo's Gulf Liquors v. Lakhani, 802 So. 2d 337 (Fla. 3d DCA 2001) (finding dismissal not an abuse of discretion where plaintiff's corporate agents repeatedly lied under oath during depositions concerning issues material to the prosecution of the claims).

Affirmed.