# Third District Court of Appeal

## State of Florida

Opinion filed October 03, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1431
Lower Tribunal No. 15-19927
_____

**Ivy Robinson and Glasford Robinson,**
Appellants,

vs.

**Safepoint Insurance Company,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jorge E. Cueto, Judge.

David B. Pakula, P.A., and David B. Pakula (Pembroke Pines); The Strems Law Firm, and Gregory Saldamando, for appellants.

Bressler, Amery & Ross, P.C., and Hope C. Zelinger (Fort Lauderdale), for appellee.

Before ROTHENBERG, C.J., and SALTER and LOGUE, JJ.

ROTHENBERG, C.J.

Ivy and Glasford Robinson ("the Robinsons") appeal from the trial court's

final order granting Safepoint Insurance Company's ("Safepoint") motion to

dismiss the Robinsons' complaint with prejudice for perpetrating a fraud on the court. Although Safepoint's unauthenticated submissions certainly suggests that an attempted fraud on the court may have been committed, we conclude that before the ultimate sanction of dismissal may be imposed, the trial court must conduct the evidentiary hearing requested by the Robinsons. Accordingly, we reverse and remand for an evidentiary hearing.

The gravamen of the Robinsons' complaint is Safepoint's denial of the Robinsons' insurance claim, a claim which is based on an alleged water leak on the Robinsons' property they claim occurred suddenly on April 9, 2015. Safepoint's claim that the Robinsons were attempting to commit a fraud upon the court is based on the following. Ivy Robinson testified repeatedly under oath in her deposition that the restoration services company they used to remediate the water from the leak was not contacted until days after the alleged water damage occurred. However, Safepoint contends that the Robinsons' telephone records demonstrate that the Robinsons were contacted by the restoration services company that was hired to remediate the alleged water damage to the Robinsons' property on March 30, 2015, which was ten days **before** the alleged leak occurred and that the work authorization form submitted by the restoration company states that the company performed services for the Robinsons beginning on the date of the alleged water leak.

In its final order dismissing the Robinsons' complaint with prejudice, the trial court found that the Robinsons set in motion an unconscionable scheme intended to render the trial court unable to properly adjudicate the action on the merits. See Diaz v. Home Depot USA, Inc., 196 So. 3d 504, 505 (Fla. 3d DCA 2016) (quoting Cox v. Burke, 706 So. 2d 43, 46 (Fla. 5th DCA 1998)) (stating that dismissal for perpetrating a fraud on the court is only appropriate where there is clear and convincing evidence that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability to impartially  adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense).  The trial court found that based on the pre-loss contact between the restoration services company and the Robinsons, along with inconsistencies between the Robinsons' testimony and documentation related to the work completed on the property, there was clear and convincing evidence that the Robinsons perpetrated a fraud upon the court.

Although Safepoint has raised serious questions regarding the legitimacy of the Robinsons' claim, we agree with the Robinsons that the trial court erred by granting Safepoint's motion to dismiss based on unauthenticated telephone records and an unauthenticated invoice, and without conducting the requested evidentiary

hearing at which the Robinsons would have been afforded the opportunity to refute Safepoint's submissions or explain any inconsistencies/and or omissions. Accordingly, we reverse the order dismissing the Robinsons' complaint with prejudice and remand for an evidentiary hearing.

Reversed and remanded for an evidentiary hearing.