# Third District Court of Appeal

## State of Florida

Opinion filed February 17, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-1448
Lower Tribunal No. 17-1059
_____

**Jean Carlos Salazar,**
Appellant,

vs.

**Miguel Rogelio Gomez,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Pedro P. Echarte, Jr., Judge.

Kanner & Pintaluga, P.A, and Blair M. Dickert, and Leon O. Hunter (Boca Raton); Ross & Girten, Lauri Waldman Ross and Theresa L. Girten, for appellant.

Kubicki Draper, and Sharon C. Degnan (Orlando), for appellee.

Before MILLER, GORDO and BOKOR, JJ.

GORDO, J.

In this personal injury action, Jean Carlos Salazar appeals the trial court's order setting aside a jury verdict in his favor and dismissing the case for fraud upon the court. We have jurisdiction. See Fla. R. App. P. 9.030(b)(1)(A). Salazar argues the motion to dismiss was based on issues which were litigated at trial and passed upon by the jury and, as such, it was improper for the court to set aside the jury's verdict. We agree and vacate the order under review with instructions to reinstate the verdict.

**FACTS & PROCEDURAL HISTORY**

In June 2015, Salazar, a 23-year-old body builder and personal trainer, was involved in a motor vehicle accident and sustained neck injuries requiring surgery due to a herniated disc. During his deposition, Salazar disclosed that he had previously been involved in a minor fender bender in 2014 but that he did not sustain any injuries nor receive treatment following that accident. While he testified that he had sustained injuries when competing for CrossFit and that he had received physical therapy for sports-related muscle aches, at deposition Salazar denied having been treated by an orthopedic surgeon.

The week before trial, defense counsel received medical records which, on their face, appeared to contradict Salazar's prior testimony. The records indicated that Salazar had previously seen an orthopedic surgeon

2

and received treatment for neck and back pain. Defense counsel did not seek a continuance to conduct more discovery, request an updated deposition or bring any pretrial motions regarding the alleged late discovery or inconsistencies in Salazar's testimony. Instead, the parties proceeded to trial. During trial, defense counsel confronted Salazar with the alleged inconsistencies in his testimony and prior medical records. Salazar explained that he may have misspoken regarding prior treatment by an orthopedic surgeon and maintained that his prior chiropractic treatment was related to fitness activities and not any accident.

After a three-day trial, the jury found the defendant 61% negligent and Salazar 39% negligent, and awarded Salazar past and future medical expenses. Following the verdict, the defendant filed a motion to dismiss for fraud and/or motion for new trial realleging only the same inconsistencies in Salazar's testimony as were presented to the jury. The defendant urged the trial court to find that Salazar lied about issues central to the case and perpetrated a fraud upon the court. Hearing only argument based on the pretrial and trial testimony, the court granted the motion and dismissed the case with prejudice. This appeal follows.

## LEGAL ANALYSIS

We review the trial court's order of dismissal for fraud on the court under an abuse of discretion standard. Diaz v. Home Depot USA, Inc., 196 So. 3d 504, 505 (Fla. 3d DCA 2016). "A trial court has the inherent authority to dismiss an action when it finds that a plaintiff has perpetrated a fraud on the court." Id. (quoting Medina v. Fla. E. Coast Ry., L.L.C., 866 So. 2d 89, 90 (Fla. 3d DCA 2004)). "The burden of proving that a party's conduct warrants dismissal rests with the party alleging the fraudulent conduct." Hair v. Morton, 36 So. 3d 766, 769 (Fla. 3d DCA 2010). "The evidence of fraud . . . must be clear and convincing to warrant dismissal." Id. at 770. "It cannot be overstated that dismissal of an action is a severe sanction, and should only be employed in extreme circumstances." Id. at 769.

### *No Preservation*

We have little doubt that, in the instant case, the plaintiff gave inconsistent testimony. This inconsistent testimony, however, was known to defense counsel before trial and tested via cross-examination and re-direct. Importantly, both sides presented their respective theories of the evidence to the jury, and the jury was fully appraised of the alleged inconsistencies so as to be able to determine whether Salazar lied or provided a reasonable

4

explanation. The jury, by its verdict, implicitly rejected the theory that Salazar's inconsistencies were lies.

We note that this Court has previously held that even where a witness "'knowingly gave and used false testimony,' the proper remedy . . . was [to bring] an in-trial motion—i.e., a motion for mistrial or a motion for continuance." KMart Corp. v. Hayes, 707 So. 2d 957, 958 (Fla. 3d DCA 1998). Here, the defendant did not seek a pretrial or in-trial remedy. As the court cogently observed during the hearing on the post-trial motion to dismiss, the defendant chose not to bring a motion to dismiss for fraud upon the court prior to trial when the alleged false testimony became known to him. Rather, the defendant chose to present these issues to the jury and the jury rejected the defendant's position on these issues. The defendant made a "tactical decision to take [his] chances with the jury"—he "gambled and lost," as the jury returned a verdict in favor of Salazar despite the alleged inconsistencies. See id.; Saxon v. Chacon, 539 So. 2d 11, 12 (Fla. 3d DCA 1989). "That [the defendant's] strategy backfired neither requires nor permits the court to allow [him] a new trial." KMart, 707 So. 2d at 958. Accordingly, the trial court initially denied the relief the defendant requested.

On rehearing of the denial of the motion to dismiss for fraud and motion for new trial, the court granted the motion and dismissed the case with

5

prejudice relying on Metropolitan Dade County v. Martinsen, 736 So. 2d 794 (Fla. 3d DCA 1999). In Martinsen, this Court reversed the trial court's denial of a motion to dismiss for fraud, finding the court abused its discretion where the record clearly established that the plaintiff engaged in serious misconduct. Id. at 795–96. We echo that "[t]he integrity of the civil litigation process depends on the truthful disclosure of facts." Id. at 796 (quoting Cox v. Burke, 706 So. 2d 43, 47 (Fla. 5th DCA 1998)). Nonetheless, we must distinguish the instant case. In Martinsen, the defendant appropriately sought dismissal during the course of the trial—after it became apparent on cross-examination that the plaintiff had been untruthful throughout discovery on issues that went to the heart of her claim, thereby subverting the integrity of the judicial process. The Court's analysis focused primarily on Martinsen's false answers being calculated to evade or stymie discovery. While late, here, Salazar provided the medical records before trial commenced and both sides knowingly proceeded to trial.

### No New Evidence

Essential to our analysis is that, following the verdict, the defendant did not present any new evidence to the court in support of his motion to dismiss. The trial court did not hold an evidentiary hearing on the motion and no additional evidence was introduced demonstrating that the plaintiff

6

perpetrated a fraud on the court, which had not previously been submitted to the jury during trial.  See Diaz, 196 So. 3d at 506.  "It is ordinarily the function of the jury to weigh and evaluate the evidence" in a negligence action."  Nelson v. Ziegler, 89 So. 2d 780, 782 (Fla. 1956).  "[T]rial judges should refrain from acting as the seventh juror in the trial proceeding . . . ."  Hahn v. Medeiros, 858 So. 2d 1242, 1243 (Fla. 5th DCA 2003).

In order for alleged fraudulent conduct to warrant dismissal, the moving party must establish

> clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense.  When reviewing a case for fraud, the court should consider the proper mix of factors and carefully balance a policy favoring adjudication on the merits with competing policies to maintain the integrity of the judicial system.

Suarez v. Benihana Nat'l of Fla. Corp., 88 So. 3d 349, 352–53 (Fla. 3d DCA 2012) (quoting Cox, 706 So. 2d at 46).  We observe that "[a] lesser degree of deference is accorded a trial court's ruling when no live testimony is presented and the order appealed is 'based on the same cold document record that is before the reviewing court.'"  Id. at 353 n.7 (quoting Jacob v. Henderson, 840 So. 2d 1167, 1170 (Fla. 2d DCA 2003)).

7

We emphasize that inconsistencies or contradictions in testimony, which perpetuate an "unconscionable scheme" to interfere with the jury's ability impartially to adjudicate a matter, can be grave enough to warrant a finding of fraud. Such a finding sufficient to overturn a jury's verdict and dismiss a case, however, must be supported by clear and convincing evidence. Here, while there may be inconsistencies or contradictions in the testimony, we find the record fails to demonstrate clearly and convincingly that Salazar engaged in a scheme designed to prevent the trier of fact from impartially adjudicating this matter through lies, misrepresentations and otherwise hiding the truth. See id.; E.I. DuPont De Nemours & Co. v. Native Hammock Nursery, Inc., 698 So. 2d 267, 273 (Fla. 3d DCA 1997) ("This court does not sanction fraud . . . nor do we condone evidentiary fabrication . . . . By the same token, we cannot approve insinuation or innuendo or for a claim of fraud to be visited on a party without there being a showing that such fraud occurred . . . .").

In this instance, where the court heard no new evidence other than what was known prior to trial and presented to the jury, where the moving party sought no relief prior to or during trial and where the alleged inconsistencies were subject to impeachment, cross-examination and jury

8

deliberation, we are constrained to conclude the trial court abused its discretion in overturning the verdict and dismissing the case.

Reversed and remanded.