# Third District Court of Appeal

## State of Florida

Opinion filed August 18, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1167
Lower Tribunal No. 18-1008
_____

**Stanley D. Chess,**

Appellant,

vs.

**Edmund J. Sweeney, et al.,**

Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Martin Zilber, Judge.

The Levey Law Firm, P.A., and John R. Kelso, for appellant.

Greenspoon Marder LLP, and Deborah Baker and Helbert Canales-Rojas, for appellees.

Before EMAS, LOGUE and HENDON, JJ.

EMAS, J.

Stanley D. Chess, the plaintiff below, appeals the trial court's order dismissing his complaint with prejudice for fraud on the court. Although we review such an order under an abuse of discretion standard, "we do so with the understanding that this standard is 'somewhat narrowed,' as it must take into account the heightened standard of 'clear and convincing evidence' upon which an order of dismissal for fraud on the court must be based." Suarez v. Benihana Nat. of Fla. Corp., 88 So. 3d 349, 352 (Fla. 3d DCA 2012) (citations omitted). See also Willie-Koonce v. Miami Sunshine Transfer & Tours Corp., 233 So. 3d 1271, 1273 (Fla. 3d DCA 2017) (observing that because an order dismissing an action is a "severe sanction, to be administered only in the most egregious cases," we review such an order under "a narrowed abuse of discretion standard") (quoting Empire World Towers, LLC v. CDR Créances, S.A.S., 89 So. 3d 1034, 1038 (Fla. 3d DCA 2012)).

While it is true that a trial court "has the inherent authority to dismiss an action when it finds that a plaintiff has perpetrated a fraud on the court," Medina v. Fla. East Coast Ry., L.L.C., 866 So. 2d 89, 90 (Fla. 3d DCA 2004), dismissal is appropriate only where "it is established by clear and convincing evidence 'that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to

adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense." <u>Hair v. Morton</u>, 36 So. 3d 766, 769 (Fla. 3d DCA 2010) (quoting <u>Cox v. Burke</u>, 706 So. 2d 43, 46 (Fla. 5th DCA 1998)).

Upon our consideration of the record, appellee failed to meet this heightened standard, and the trial court in the instant case abused its discretion in imposing the ultimate sanction of dismissal with prejudice. We therefore reverse and remand for further proceedings.

Reversed and remanded.