# Third District Court of Appeal

## State of Florida

Opinion filed January 4, 2023.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D22-630
Lower Tribunal No. 19-32573

————————————

**Oracle Elevator Company, etc.,**
Appellant,

vs.

**8660 Building, LLC, etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Maria D. Ortiz, Judge.

Sheldon R. Rosenthal, for appellant.

Neil Rose (Hollywood); Law Office of Christopher F. Zacarias, and Christopher F. Zacarias; and Jose M. Francisco, P.A., and Jose M. Francisco, for appellee.

Before EMAS, HENDON, and MILLER, JJ.

HENDON, J.

The plaintiff below, Oracle Elevator Company, a Florida corporation, f/k/a Mowrey Elevator Service ("Oracle"), appeals from the trial court's "Order Granting 8660 Building LLC's Motion to Strike Oracle's Complaint for Pervasive Fraud on the Court and for Attorney's Fees/Costs," and from the order denying Oracle's motion for rehearing. We affirm.

In August 2017, 8660 Building, LLC ("8660") purchased property, and as part of the transaction, it assumed an elevator maintenance contract that the previous owner and Oracle had entered into. Oracle emailed 8660 a copy of the contract, and invited 8660 to renegotiate the contract for a lower price. 8660 notified Oracle that it was cancelling the contract because Oracle had not been able to provide "an even slightly legible copy of the contract, and its terms and conditions are a mystery," and requested that Oracle send a new proposed contract, as it had previously offered.

In November 14, 2018, Oracle filed suit against 8660 in Miami-Dade County Court, alleging 8660 breached the elevator maintenance contract by failing to pay the monthly maintenance and repair charges due under the contract. Oracle attached a copy of the alleged contract between Oracle and the previous owner of the property.

8660 filed an answer, affirmative defenses, and a counterclaim. In its affirmative defenses, 8660 asserted, among other things, that if there is a

2

valid contract, Oracle failed to fulfill its obligations under the contract, and that Oracle failed to state a cause of action because the "alleged contract is illegible and therefore has failed to comply with Fla. R. Civ. P. 1.130(a)."  In its counterclaim, 8660 asserted Oracle was negligent by failing to properly maintain the elevator, seeking damages for the replacement of the elevator.  The action was then transferred to the Circuit Court in October 2019.

During the proceedings, 8660 continued to request a legible copy of the contract, but Oracle submitted copies that that were not completely legible.  Moreover, in a request for production relevant to its counterclaim, 8660 requested that Oracle produce the personnel file of its elevator mechanic who primarily serviced the elevator.  Following motions to compel, the trial court ordered Oracle to produce portions of the elevator mechanic's personnel file, relating to his training, experience, and adverse disciplinary action.

On August 5, 2020, Oracle filed the affidavit of its Regional Vice President, in which he averred that the majority of Oracle's business records are located in its main office in Tampa, Florida.  Although the office was temporarily closed during COVID and no documents were being provided to any requests made for documents, the office is now open, and

Oracle provided the requested documents for the years 2015, 2016, and 2017.

On August 24, 2020, 8660 took the deposition *duces tecum* of Oracle's Regional Vice President, who is also Oracle's records custodian. During the deposition, he acknowledged that Oracle had not produced a legible copy of the contract. He also acknowledged that Oracle's personnel files and contracts are kept electronically, and therefore, despite the closure of Oracle's Tampa office during COVID, the documents could have been accessed electronically. Three days later, on August 27, 2020, Oracle filed a "Notice of Filing Legible Copy of Elevator Maintenance Agreement." The filed "legible copy" was allegedly the contract at issue in the instant case.

A deposition of Oracle's Regional Vice President was conducted on January 27, 2021. During that deposition, he acknowledged that the legible contract eventually filed on August 27, 2020, was in Oracle's possession the entire time at Oracle's Tampa office, and that it was a "true and correct copy of the elevator maintenance agreement that Oracle is suing upon."

In May 2021, 8660 filed a Motion to Strike Oracle's Complaint for Pervasive Fraud on the Court and for Attorney's Fees/Costs ("Motion to Strike for Fraud"). 8660 asserted that (1) Oracle withheld a legible copy of

4

the contract at issue for the first two years of litigation; (2) in an effort to defeat 8660's defense that the alleged contract was not legible, on August 27, 2020, Oracle served a fabricated copy of the alleged contract by "past[ing] the first and last page of the contract that it sued upon onto the legible body of a completely different contract with an entirely different party, and misrepresented the contract to be the one at issue in this lawsuit"; (3) Oracle's corporate representative falsely swore in a deposition that the copy of the contract filed by Oracle on August 27, 2020, was a true and correct copy of the contract at issue in the case; (4) Oracle violated three court orders; and (5) Oracle submitted two false affidavits—one to avoid sanctions, and the other to "artificially defeat" 8660's motion for summary judgment and to "subvert a decision based on the merits." Further, in its Motion to Strike for Fraud, 8660 submitted side-by-side images of the contract attached to the complaint and the legible contract submitted three years later on August 27, 2020. Oracle did not file a response to 8660's Motion to Strike for Fraud.

The trial court conducted an evidentiary hearing on 8660's Motion to Strike for Fraud in September 2021, during which, 8660 presented live testimony and evidence. Oracle, however, did not present any evidence in opposition and presented no live rebuttal witness. There is no transcript of

5

the hearing in the record. The following month, the trial court held a status conference where it announced its ruling after hearing closing argument. There is no transcript of the status conference hearing in the record on appeal.

On February 10, 2022, the trial court entered an order granting 8660's Motion to Strike for Fraud with prejudice. First, the trial court noted that it conducted a side-by-side comparison of the contract attached to the complaint and the contract filed on August 27, 2020, and it is "clear" that at "least one contract is a fabrication," and that "upon examination, the contracts discernably differ in substantive provisions and formatting." Moreover, the trial court found that Oracle "fabricated and submitted the contrived contract as a legible copy of the Contract at issue," and that "the fabricated contract is a material misrepresentation and that fabrication of evidence is on the central liability issue in the lawsuit: the legibility, and thus enforceability, of the elevator maintenance agreement Plaintiff Oracle sued upon." Second, the trial court found that Oracle's Regional Vice President offered false testimony in an attempt to authenticate the fabricated contract in his January 7, 2021 deposition by testifying that the contract submitted on August 27, 2020 was a true and correct copy of the contract Oracle was suing upon. The trial court found that Oracle's

misrepresentation constituted a material misrepresentation on a dispositive issue. Third, the trial court found that Oracle submitted a false affidavit to avoid sanctions for its failure to comply with two discovery orders to produce records directly relevant to 8660's counterclaim for negligence, specifically the elevator mechanic's personnel file relating to his training, experience, and adverse disciplinary actions. Fourth, the trial court found that Oracle failed to timely comply with three discovery orders issued on March 3, 2020, June 6, 2020, and August 11, 2020. Fifth, the trial court found that Oracle submitted a false affidavit in support of its damages claim in opposition to 8660's motion for summary judgment.

Based on the above findings and the relevant law, the trial court concluded:

> Here, Plaintiff Oracle's conduct was directly related to the parties' claims and defenses. As in *ICMFG [& Associates, Inc. v. Bare Board Group, Inc.*, 238 So. 3d 326 (Fla. 2d DCA 2017)], Plaintiff Oracle intention[ally] concealed and altered evidence that was central to the litigation in order to interfere with Defendant 8660's attempt to discover evidence favorable to it.
> Therefore, on this record and having balanced the competing policies of favoring adjudication on the merits with the integrity of our judicial system, this Court concludes that (1) the clear and convincing evidence in this case establishes that Plaintiff Oracle has sentiently set into motion an unconscionable scheme calculated to interfere with this Court's ability impartially to adjudicate this matter by unfairly hampering the presentation of Defendant 8660's defense and claim; and (2) Plaintiff Oracle has demonstrated bad faith in discovery and gross indifference to this Court's discovery Orders. The Court

recognizes that striking Plaintiff Oracle's pleadings is a harsh sanction. However, the gravity of Plaintiff Oracle's behavior in fabricating evidence and committing perjury in an attempt to enhance its case warrants such a sanction. Thus, the Court concludes that Plaintiff Oracle's conduct warrants the sanction of the striking of its pleadings and dismissal of its claims with prejudice for fraud on the Court. The Court also concludes that Defendant 8660 is entitled to recover all attorney's fees and costs it has incurred given Plaintiff Oracle's conduct, as set forth herein, and reserving ruling on the amount of fees and costs to be awarded.

Oracle filed a motion for rehearing or reconsideration, which the trial court denied. Oracle's appeal followed.

Oracle contends the trial court abused its discretion by granting 8660's Motion to Strike for Fraud. We disagree.

"[T]he dismissal of a party's pleadings is a severe sanction, and thus should be administered only in the most egregious cases. As a result, an order striking pleadings for fraud upon the court is reviewed under a 'narrowed' abuse of discretion standard." Empire World Towers, LLC v. CDR Créances, S.A.S., 89 So. 3d 1034, 1038 (Fla. 3d DCA 2012). The abuse of discretion standard is "'somewhat narrowed' as it must take into account the heightened standard of 'clear and convincing evidence' upon which an order of dismissal for fraud on the court must be based." Suarez v. Benihana Nat'l of Fla. Corp., 88 So. 3d 349, 352 (Fla. 3d DCA 2012). Although a severe sanction, "[a] trial court has the inherent authority to

dismiss an action when it finds that a plaintiff has perpetrated a fraud on the court." Diaz v. Home Depot USA, Inc., 196 So. 3d 504, 505 (Fla. 3d DCA 2016) (quoting Medina v. Fla. E. Coast Ry., L.L.C., 866 So. 2d 89 (Fla. 3d DCA 2004)). The party moving to dismiss an action based on fraud on the court has the burden to establish, "clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense." Cox v. Burke, 706 So. 2d 43, 46 (Fla. 5th DCA 1998) (quoting Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir.1989)). Further, "[w]hen reviewing a case for fraud, the court 'should consider the proper mix of factors' and carefully balance a policy favoring adjudication on the merits with competing policies to maintain the integrity of the judicial system." Cox, 706 So. 2d at 46 (quoting Aoude, 892 F.2d at 1118).

In the instant case, first, the record on appeal does not contain transcripts of the evidentiary hearing held on 8660's Motion to Strike for Fraud or of the case management conference where the trial court heard final arguments and issued its oral ruling. Second, Oracle failed to file a response to 8660's Motion to Strike for Fraud. Third, as indicated in the

9

order granting 8660's Motion to Strike for Fraud, at the evidentiary hearing, Oracle did not present any evidence in opposition and presented no live rebuttal witness. Thus, Oracle made no attempt to explain its position as to why it submitted the fabricated contract on August 27, 2020, and why its corporate representative falsely testified during a deposition that the fabricated contract was a true and correct copy of the contract Oracle was suing upon, when it clearly was not. The legibility of the sued-upon contract was material to Oracle's breach of contract claim asserted against 8660. Thus, based on the above, we conclude that the trial court did not abuse its discretion by granting 8660's Motion to Strike for Fraud. Accordingly, we affirm the orders on appeal.

The remaining argument raised by Oracle lacks merit and does not warrant discussion.

Affirmed.