# Third District Court of Appeal
## State of Florida

Opinion filed February 22, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-736
Lower Tribunal No. 21-17133
_____

**Unlimited Turf, LLC,**
Appellant,

vs.

**CP Global Consulting, Inc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Beatrice Butchko, Judge.

Howard Poznanski (Coconut Creek), for appellant.

Dorta & Ortega, P.A., Omar Ortega, and Rosdaisy Rodriguez, for appellees.

Before FERNANDEZ, C.J., and LOGUE, and LINDSEY, JJ.

FERNANDEZ, C.J.

Unlimited Turf, LLC, ("Unlimited Turf") appeals the trial court's order granting CP Global Consulting, Inc.'s ("CP Global") motion to dismiss the complaint for fraud on the court and failure to state a cause of action and the order dissolving the *lis pendens*. For the reasons expressed below, we reverse and remand the orders on appeal.

Unlimited Turf filed a complaint against CP Global and Ruben Cruz ("defendants") alleging that CP Global, Cruz, and RAS Enterprises Group, LLC ("RAS") owed Unlimited Turf $250,000. Unlimited Turf claims that in May 2017, it was approached by Cruz for a $250,000 loan related to the purchase of real property located in Palmetto Bay, Florida. Asserting that this is an equitable action with no available remedy at law, Unlimited Turf sought an equitable lien on a Palmetto Bay property, and if granted, Unlimited Turf sought to foreclose the lien in the principal value of $250,000. Unlimited Turf also claimed unjust enrichment.

Defendants obtained information about a contemporaneous Okeechobee case between Unlimited Turf and non-party Sodoma Partners, LLC ("Sodoma"). Defendants alleged that the Okeechobee suit revealed that Unlimited Turf had made false representations in its complaint before the Eleventh Circuit regarding to the $250,000 loan. Consequently, defendants

2

filed a motion to dismiss for fraud on the court and failure to state a cause of action.

As required on a motion to dismiss for fraud on the court, the trial court held an evidentiary hearing. Based on the testimony of alleged misrepresentation and inconsistencies, the trial court dismissed the complaint without prejudice for fraud on the court and failure to state a cause of action. The trial court did not make specific findings clearly supporting a conclusion that there was fraud on the court. Unlimited Turf filed a motion for rehearing or reconsideration, which the trial court denied.

Thereafter, non-party 6145 Paradise Point Drive, LLC, owner of the Palmetto Bay property, filed an emergency motion to intervene for the limited purpose of moving to discharge the *lis pendens* Unlimited Turf had filed against the Palmetto Bay property. The Court permitted the intervention and granted the motion to discharge the *lis pendens nunc pro tunc* to the date the complaint was dismissed. Unlimited Turf filed this appeal.

Though the dismissal order was issued without prejudice, because the trial court dismissed the entirety of the complaint, the order is considered final for purposes of our review. See Gries Investment Co. v. Chelton, 388 So. 2d 1281, 1282 (1980) ("[A]n order which strikes the entirety of a claim is the equivalent of an order that dismisses, and either is final."). We review an

3

order of dismissal for fraud on the court for an abuse of discretion. Leo's Gulf Liquors v. Lakhani, 802 So. 2d 337, 338 (Fla. 3d DCA 2001). However, "we do so with the understanding that this standard is 'somewhat narrowed,' as it must take into account the heightened standard of 'clear and convincing evidence' upon which an order of dismissal for fraud on the court must be based." Suarez v. Benihana Nat. of Florida Corp., 88 So. 3d 349, 352 (Fla. 3d DCA 2012). We review *de novo* a trial court's order of dismissal for failure to state a cause of action. See Grove Isle Ass'n, Inc. v. Grove Isle Assocs., LLLP, 137 So. 3d 1081, 1089 (Fla. 3d DCA 2014).

The trial court failed to make sufficient findings showing clear and convincing evidence that Unlimited Turf committed fraud on the court. See Hernandez v. City of Miami, 35 So. 3d 942, 943 (Fla. 3d DCA 2010) ("Fraud on the court occurs where there is clear and convincing evidence 'that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense.'"); Suarez v. Benihana Nat. of Fla. Corp., 88 So. 3d 349, 353 (Fla. 3d DCA 2012) ("[W]e conclude that the trial court abused its discretion in its imposition of this most severe of sanctions. While there are certainly inconsistencies and contradictions in the deposition

4

testimony . . . , the record simply fails to demonstrate clearly and convincingly that Appellants 'collusively engaged in a scheme . . . .'"). The trial court's reasoning in the order on appeal regarding alleged misrepresentations were conclusory at best.[1] Additionally, the record does not demonstrate clear and convincing evidence of a scheme to prevent the trier of fact from impartially adjudicating the case.[2] Therefore, we find that trial court abused its discretion in dismissing the complaint for fraud on the court due to a lack of clear and convincing evidence.

On appeal of an order dismissing a complaint for failure to state a cause of action, we review "whether the complaint alleges sufficient ultimate facts, which under any theory of law, would entitle a plaintiff to the relief sought." Cohen v. Am. Home Assurance Co., 367 So. 2d 677, 681 (Fla. 3d DCA 1979). The order on appeal does not provide the trial court's reasoning

---

[1] The trial court's conclusory findings are as follows:

> Unlimited Turf misrepresents the truth regarding the $250,000 it alleges in this Action were lent to the Defendants when, concurrently, asserts in the Okeechobee Case that those same $250,000 were owed and re-paid to Sodoma.

> Unlimited Turf's inconsistent factual positions over the same $250,000 in two different Court proceedings are irreconcilable.

[2] During the hearing, the trial judge admitted, "I'm having a little trouble with fraud on the court, per se, because I'm just not convinced that they intended to defraud the Court versus taking a legal inconsistent position erroneously."

5

as to the insufficiency of the cause of action. Upon our independent review, we find the complaint is straightforward with a clear cause of action against the defendants as it specifically seeks imposition of an equitable lien and subsequent foreclosure as well as a claim of unjust enrichment. Therefore, the trial court erred in dismissing the complaint for failure to state a cause of action.

Accordingly, we reverse and remand the trial court's orders dismissing the complaint and dissolving the *lis pendens*.

Reversed and remanded.